**In re Morris Edward REED, Appellant.**

No. 39678.

Missouri Court of Appeals, Eastern District, Division Three.

March 6, 1979.

David B. Tobben, Union, for appellant.

GUNN, Judge.

The appellant, a 27 year old man, filed a change of name petition pursuant to § 527.-

270, RSMo 1969. His petition fully complied with the provisions of the statute by concisely stating the reasons for his desire to change his name from Morris Edward Reed to Sunshine Morris Edward Reed: that he is known by his friends and acquaintances as Sunshine; that he uses Sunshine in the conduct of his daily affairs; that he prefers the name Sunshine over his given name. At the subsequent hearing, he stated that he had borne the sobriquet "Sunshine" for at least 10 years which was adopted because of his spirit of jocundity, refulgent personality coruscating on those with whom he associated and by reason of his sanguinary outlook on life. He also testified that he was an employee of the Chrysler Truck Plant in Fenton; that he had been so employed for eight years; that he had never been married and had no outstanding debts. The trial court denied his petition, and Mr. Reed has appealed.

We reverse and order the name change.

Section 527.270 authorizes a circuit judge to order a change of name if ". . . satisfied that the desired change would be proper and not detrimental to the interests of any other person." *Matter of Natale*, 527 S.W.2d 402 (Mo.App.1975), is the paradigm to be followed regarding name change. In *Natale*, Judge Dowd has painstakingly and thoroughly traced the entire history of the law relating to name change and concludes in a remarkably interesting opinion that the discretion of the trial judge in denying a petition is tightly circumscribed: "The scope of discretion to deny a petition for change of name is narrow." *Id.* at 405. Mr. Reed's requested name is not particularly bizarre, obscene or offensive, and no prima facie evidence of harm to a third party was presented at the hearing. The lower court's general concern for the possible detriment to society occasioned by petitioner and others who seek to use the law to add a cognomen to their legal name is simply not a sufficient reason to deny the petition, particularly in light of the obvious legislative intent that such a procedure be available and by reason of the precept of *Natale*. Mr. Reed evinces sincerity and has certainly expended substantial effort to comply with the requirements of § 527.270. Under the circumstances, we believe the trial court abused its discretion in denying Mr. Reed's petition. The change of name should have been granted. *Matter of Natale*, supra.

Judgment reversed and trial court directed to issue its order changing petitioner's name as prayed.

REINHARD, P. J., and CRIST, J., concur.