**Gary L. MILLER, Respondent,**

v.

**Elizabeth L. MILLER, Appellant.**

No. 47224.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 15, 1984.

Barbara J. Gilchrist, St. Louis, for appellant.

Douglas Lee Burdette, Clayton, for respondent.

DOWD, Chief Judge.

Elizabeth L. Miller appeals the denial of her request for a court order to change or to restore her maiden name. The judgment is reversed and the trial court directed to issue its order changing appellant's name.

Gary L. Miller, petitioner's husband and respondent herein, filed a petition for dissolution of marriage in the Circuit Court of St. Louis County. The parties then entered into a separation agreement which disposed of all issues involved in the action, including a provision stating "wife's name shall be returned to her maiden name, to wit: Elizabeth Lydia Herzog." Petitioner's husband agreed to the name change and filed no respondent's brief in this cause.

At an uncontested hearing appellant testified that neither her creditors nor her two minor children, ages eight and six, would be adversely affected by the change of name. No other evidence was introduced.

On March 28, 1983, the trial court found the separation agreement conscionable and adopted its provision in the dissolution decree with the exception of appellant's name change stating [the court] "is not convinced that it is not detrimental to your minor children to change your name back to Herzog."

We have previously addressed the exact issue presented here in the case of *In the Matter of Natale*, 527 S.W.2d 402 (Mo.App. 1975) where a married woman with her husband's consent petitioned to have her name changed back to her maiden name. Even though the evidence indicated that the change would not have a detrimental effect on anyone, the trial court denied the request on the basis that petitioner was married, lived with her husband, and that there *could be* a detriment to any children born in the future or to her creditors. (Emphasis ours.)

In reversing the judgment, this court held that the discretion in denying such petitions is narrow and that the possibility of a detrimental effect was insufficient reason to deny the petition. *Id.* at 405. We further held that appellant has both a common law right and a statutory right pursuant to § 527.270 to change her name. Both methods are coexistant and § 527.270 neither expressly abrogates the common law nor invalidates it by any inconsistencies. *Id.* at 402. Accordingly, the courts in dissolution proceedings have consistently

granted the restoration of maiden names under either their equitable powers or by the consent of the parties.

 Since this was a court-tried case, we must affirm the judgment unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976). Under the facts of this case, however, we find there was no substantial evidence to support the trial court's decision.

The trial court in requesting the appellant to "convince the court that it [the name change] is not detrimental to any other person," was imposing a negative burden on the appellant that we cannot believe was anticipated by the legislature when it enacted the statute. Again, the record is devoid of any evidence concerning a detrimental effect on any party which would persuade us to affirm the judgment.

We are unaware of any law which presumes that a different name of a parent from their child is detrimental. Absent concrete evidence to the contrary, a general concern of possible detriment is insufficient to deny a petition for a change of name in light of the obvious legislative intent that such a procedure be available. See *In re Reed*, 584 S.W.2d 103 (Mo.App. 1979).

Accordingly, the judgment is reversed and remanded with directions to issue an order changing appellant's name as requested.

REINHARD and CRIST, JJ., concur.