R.K.–T.S., a minor, by V.T., as next of friend, Appellant,

v.

R.S., Respondent.

No. WD 44333.

Missouri Court of Appeals, Western District.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1991.

Kip D. Richards, Kansas City, for appellant.

James M. Ziegler, Independence, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

BERREY, Presiding Judge.

From an adverse decision by an associate circuit judge appellant appeals.

Three and one-half year old R.K.–T.S., by his next friend V.T., sought to have his name changed to K.T.

R.K.–T.S. is the son of V.T. and R.S. V.T. and R.S. were never married. When R.K.–T.S. was born January 26, 1987, his mother, V.T., bestowed her surname and the father's surname upon him. However, for the past two years she has called him K.T., and has not used the father's surname. Approximately eight months after the birth of R.K.–T.S., V.T. and R.S. parted company.

R.S. moved to Texas and V.T. remained in Blue Springs. In October of 1987, she began living with G.M. The couple jointly

own the home in which they now reside and R.K.–T.S. refers to G.M. as "daddy."

V.T. testified she had no immediate plans to marry G.M. However, she stated if she did marry she would retain her maiden name.

R.S. testified he had paid V.T. over $1,200 in support of R.K.–T.S. over the last two and one-half years. He acknowledged he had not filed a paternity suit to establish his rights and obligations as to R.K.–T.S.

The sole issue on appeal is whether the trial court abused its discretion by refusing to grant the petition for a name change.

Appellant alleges the trial court abused its discretion by refusing to grant the petition for a name change because the best interests of the child are served if he has the same surname as his custodial parent.

■ In a court-tried case the court must affirm the trial court unless the judgment is not supported by substantial evidence; unless it is against the weight of the evidence; or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court should grant a petition to change the name of a minor child, except when the court is convinced that the change is not in the child's best interests. *Kirksey v. Abbott*, 591 S.W.2d 751, 752 (Mo.App.1979); *In re Wheat*, 794 S.W.2d 710, 712–14 (Mo.App.1990); *Miller v. Miller*, 670 S.W.2d 591 (Mo.App.1984); *Matter of Natale*, 527 S.W.2d 402 (Mo.App.1975).

■ The trial court's scope of discretion to deny a child's name change petition is narrow since Missouri law favors the ability of the individual, including a child, to legally change his name. *In re Wheat*, 794 S.W.2d at 712–14.

■ The trial court in ruling the instant case said, "Well, I'm not persuaded that this would be in the best interest of this child to change his name. So, I'm going to deny the petition." In *In re Wheat*, 794 S.W.2d at 712–14, the court was faced with much the same situation as the one at bar. In the *Wheat* case a woman sought name

changes for her and her two children. The Southern District Court of Appeals reversed the trial court, concluding the refusal to grant the name changes was an abuse of discretion. *Id.* In its decision the court stated, "Absent concrete evidence to the contrary, a general concern of possible detriment is insufficient to deny a petition for a change of name in light of the obvious legislative intent that such a procedure is available." *Id.*

Missouri law provides little direction with regard to what factors are to be considered when contemplating a name change for a minor child. The Supreme Court of California in *In re Marriage of Schiffman*, 28 Cal.3d 640, 169 Cal.Rptr. 918, 922, 620 P.2d 579, 583 (1980), recognized certain factors and we find them to be reasonable and important considerations. The California court considered the child's age, the potential embarrassment or discomfort the child would experience when his or her surname is different than the custodial parent, and how the name change will effect the child's relationship with his parents. *Id.*, 169 Cal. Rptr. at 922, 620 P.2d at 583.

In the case at bar we note R.K.–T.S. is still very young. His mother has been referring to him as K.T. for two of the three and a half years of his life. We perceive no reason in the instant case to assume it would be detrimental to change the child's name to his mother's surname. Here the biological father, R.S., lives in Texas and has, at best, infrequent contact with R.K.–T.S. Our review of the record reveals no solid evidence that the name change prayed for would be detrimental to the interest of any person. The guardian ad litem's participation was virtually de minimus. He recommended against the change. He speaks of a compelling reason to change the name and such is not the law. The record is virtually barren of facts that lead the court to deny this petition. His only finding was, "Well, I'm not persuaded that this would be in the best interest of this child to change his name."

The judgment is reversed and this cause is remanded with directions that the court

enter judgment to grant the name change as prayed.

All concur.