**Melissa J. NEAL, Appellant,**

v.

**Bruce L. NEAL, Respondent.**

No. 79376.

Supreme Court of Missouri,
En Banc.

March 25, 1997.

James D. McNabb, Marshfield, for appellant.

Kenneth F. Thompson, Marshfield, for respondent.

COVINGTON, Judge.

Melissa J. Neal appeals the trial court's refusal to restore her maiden name, the trial court's order changing the name of the minor child born of the marriage, and the court's award of child support. Melissa J. Neal (Wife) and Bruce L. Neal (Husband) were married on September 10, 1994. They separated in February of 1995. Wife was pregnant. She filed a petition for dissolution of marriage in March, in which she requested, **inter alia**, orders relative to the minor child yet to be born and restoration of her maiden name. Husband answered, denying that the marriage was irretrievably broken and requesting nothing other than a dismissal of Wife's petition. On July 16, 1995, Wife gave birth to the parties' child, a son. On the birth certificate she denominated her maiden name, Gintz, as the child's surname. She did not include the name of Husband on the birth certificate. The parties were divorced by a decree of dissolution filed on September 14, 1995. The court awarded custody of the minor child to Wife and specific visitation to Husband, ordered Husband to pay the sum of $275 per month as child support, found Form 14 under Rule 88.01 not to be applicable, and ordered Husband to provide major medical insurance coverage for the minor child. The court also ordered correction of the Certificate of Live Birth to reflect that Husband is the natural father of the minor child and ordered the surname of the minor child changed to Neal. Wife appealed. After opinion by the court of appeals, this Court granted transfer. The judgment of the trial court is reversed and the cause is remanded for further proceedings.

■ The first issue is Wife's claim of trial court error in refusing to restore her maiden name, Gintz. *Matter of Natale,* 527 S.W.2d 402 (Mo.App.1975), controls disposition of the issue. In *Natale,* the Missouri Court of Appeals, Eastern District, provided a thorough summary of the common law and statutory rights to change of name. In that case, Judith Natale, with her husband's consent, petitioned pursuant to section 527.270, RSMo 1969, and Rule 95.01 to have her maiden name restored. She desired to change her name for purposes of professional and personal identity and convenience to her husband and herself in carrying out their professional careers. The trial court denied the petition for change of name. The trial court's refusal was based upon the fact that the petitioner was lawfully married and residing with her legal spouse. Under such circumstances, the trial court reasoned, the granting of the petition could be detrimental to others in the future. *Id.* at 403.

In reversing the judgment, the court of appeals provided historical background of the common law right to change of name, regardless of marital status. The court noted that the common law and statutory methods of changing names coexist for the reason that no constitutional or statutory mandate has invalidated the common law. *Id.* at 402. The court of appeals found that, although it is within the trial court's discretion to find a change of name to be detrimental, the scope of discretion in the trial court to deny a petition for change of name is narrow, even within the marital relationship. *Id.* at 405.

■ Following the teachings of *Natale,* the court of appeals in *Miller v. Miller,* 670 S.W.2d 591 (Mo.App.1984), addressed precisely the issue presented here, a request pursuant to a dissolution proceeding that wife's maiden name be restored. Because there were two children born to Mr. and Mrs. Miller, the trial court refused to change Mrs. Miller's name. As the court of appeals stated in reversing the trial court, no law presumes that it is detrimental for a child to have a name that is different from the parent. *Id.* at 593. A general concern of possible detriment is insufficient to deny a petition for change of name in light of the obvious legislative intent that such a proce-

dure be available, *id.,* and by reason of the teachings of *Natale.*

In the present case, the trial court provided no reason for its declination to order restoration of Wife's maiden name. There is no substantial evidence to support the trial court's decision. To place the question of the evidence relative to the restoration of Wife's maiden name in context, it is necessary to make reference to the sparse evidence relative to the Husband's request for the child's change of name. The issue of the child's change of name was raised for the first time on cross examination of Wife after her direct evidence on the petition. Wife had received no notice of Husband's intent to seek a change of name for the minor child. In response to her husband's attorney's inquiry about whether she would object to the child's name being changed to Neal, Wife responded that she did not want the child's name to be changed. When asked the reason, she responded that it could be confusing in school if the child's name were different from hers. She then acknowledged upon further questioning by Husband's counsel that numerous children in school have names different from the names of their parents. No other evidence was introduced. Under the teachings of *Natale* and *Miller,* the trial court erred in refusing to restore Wife's maiden name.

■ Wife next contends the trial court erred in granting Husband's request to change the child's name to Neal, Husband's surname. Wife attacks the trial court's decision on abuse of discretion grounds; however, there is a threshold issue that must be decided, and that issue is dispositive.

■ There is no clear direction with respect to the process by which a minor child's name may be changed in a dissolution of marriage proceeding. Outside of the dissolution context, a child's name may be changed by the child's petitioning, by and through a next friend, pursuant to section 527.270, RSMo 1994, and Rule 95.01; *see also* Rules 95.02—03. No Missouri court has previously been called upon to decide whether the court in a dissolution proceeding has authority to change the name of a child of the marriage, or whether such a name change can be accomplished only through a change of name

petition filed under section 527.270 and Rules 95.01 et seq. Considering, however, the common law right that coexists in Missouri with any statutory right, *Natale,* 527 S.W.2d at 405, and the court's equitable powers to enter judgment on any matter in the best interests of the child, sections 452.375–410, RSMo 1994, the trial court cannot be said to lack authority to change the name of a minor child in a dissolution proceeding.

■ To hold that the trial court in a dissolution proceeding has authority to change the name of a minor child does not, however, confer upon the trial court authority to change a child's name in the absence of proper procedure. Proper procedure first requires that notice be given by the party seeking to have the child's name changed. Notice is required because in changing a child's name the trial court's discretion is guided by a determination of what is in the best interests of the child. *Schubert v. Tolivar,* 905 S.W.2d 924, 926 (Mo.App.1995); *Cobb by Webb v. Cobb,* 844 S.W.2d 7, 9 (Mo. App.1992); *Kirksey v. Abbott,* 591 S.W.2d 751, 752 (Mo.App.1979). Without notice and the opportunity for adequate preparation for hearing on the issue by both parents, the trial court cannot be assured that evidence with respect to best interests has been fully developed. It is conceivable, furthermore, that in some cases either party may petition for appointment of a guardian ad litem to assist the court in its determination of what name is in the child's best interest. Additionally, where a guardian ad litem has been or may be appointed for the purpose of representing other of the child's interests, the guardian ad litem should have notice of any request for change of name.

■ A party seeking to change a minor child's name as part of a proceeding for dissolution of marriage must, therefore, include in the petition for dissolution of marriage, or in a separate count of the pleading, a separate averment stating that the party seeks to have the child's name changed and the name that is proposed. In addition, the petition shall state the reason for the desired name change. These minimal requirements serve not only to provide adequate notice to

the opposing party and any guardian ad litem that may be appointed in the proceeding, but, also, to meet the requirements of section 527.270 and Rules 95.01 et seq. in all ways pertinent to the change of name of a minor child.

In the present case, there was no notice to Wife of Husband's intent to change the name of the minor child. Absent advance notice to the opposing party of the request for change of name, the name to which the child's name is sought to be changed, and the reason for the desire to change, or consent by the opposing party, the trial court lacked authority to order a change of name for a minor child in a dissolution proceeding. The trial court erred in changing the name of the minor child.

Because the trial court erred in granting Husband's request to change the child's name to Neal for the reasons stated above, it is unnecessary to reach the question of whether there was sufficient evidence in the record to prove that the name change was in the best interest of the child.

■ Wife also claims that the trial court erred by awarding child support in the amount of $275 per month because that amount was not appropriate, nor was it in conformity with Rule 88.01. The decree simply states that "Form 14 is not applicable in this case due to Respondent's other debts."

In *Woolridge v. Woolridge,* 915 S.W.2d 372 (Mo.App.1996), the Missouri Court of Appeals, Western District, undertook to explain the requirements of Rule 88.01 and Civil Procedure Form Number 14 and provided a thorough road map for the trial court for making the required findings. For meaningful appellate review, the trial court is required to determine and find for the record the presumed correct child support pursuant to Rule 88.01, utilizing Civil Procedure Form No. 14. *Id.* at 379. This is a mathematical calculation, the mandatory use of which ensures that the child support guidelines will be considered in every case as mandated in section 452.340.7, RSMo 1994, and Rule 88.01. *Id.* The *Woolridge* opinion also thoroughly explains to the trial court how to make findings to rebut the presumed correct child support amount calculated pursuant to

Form 14 when the trial court determines that the amount is unjust or inappropriate after consideration of all the relevant factors. *Id.* at 379, 382–83.

■ Here, the trial court did not find for the record the presumed correct child support amount calculated pursuant to Form 14. Meaningful appellate review is, therefore, not possible, either to determine the presumed correct child support amount or to determine whether the trial court's attempt to rebut any child support amount calculated pursuant to Form 14 was proper. The inadequacy of the record in these respects requires reversal. On remand, the trial court should follow the detailed prescriptions contained within *Woolridge* first to determine and find for the record the presumed correct child support amount and, then, to make a proper record with respect to why the presumed correct child support amount should be rebutted, if the trial court so determines.

The judgment of the trial court is reversed and the cause is remanded. The trial court is directed on remand to issue an order changing Wife's name as prayed and to make findings and enter its judgment awarding the correct child support in a manner consistent with this opinion. The trial court's order changing the name of the minor child is reversed, without prejudice to Husband's bringing a procedurally authorized action for change of name of the minor child.

HOLSTEIN, C.J., BENTON, PRICE, LIMBAUGH and ROBERTSON, JJ., and LAURA DENVIR STITH, Special Judge, concur.

WHITE, J., not sitting.