**Keith Van MYERS, Appellant,**

v.

**Cheryl Ann MYERS, Respondent.**

No. 21207.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 2, 1997.

Bruce N. Secrist, Joplin, for Appellant.

Roger K. Fisher, Joplin, for Respondent.

PARRISH, Judge.

This appeal is from the modification of a dissolution of marriage judgment. Maintenance was terminated and the amount of child support appellant was paying was reduced.[1] Appellant contends the trial court erred by not granting further reduction in the amount of child support he was ordered to pay. He also contends the trial court erred in not making the termination of maintenance retroactive to the date his motion to modify was filed.

The trial court failed to find for the record the presumed child support amount. The part of the judgment modifying child support must be reversed and remanded. In all oth-

---

1. The parties' dissolution action was previously before this court. *See In re Marriage of Myers,* 879 S.W.2d 736 (Mo.App.1994).

er respects the judgment of modification is affirmed.

Evidence was presented March 13, 1995. Both parties had employment changes after the date their marriage was dissolved. Appellant's income decreased. Respondent's increased.

The trial court made no announcement concerning the disposition of the case at the end of the evidence. A docket entry acknowledges that the parties were present with their respective attorneys. That acknowledgment is followed by the word, "Hearing."

The next docket entry is dated May 1, 1996. It states:

> Having previously heard testimony, ct finds there has been a substantial & continuing change of circumstances since the decree entered. Ct finds that [appellant] has changed jobs at a considerable lesser wage. Resp. is gainfully employed earning a substantial employment. Ct further finds that [appellant] change of jobs was voluntarily but was not made w/ the purpose of avoiding ct ordered payments of c/s or maintenance. Ct orders that maintenance to Resp. shall cease. [Appellant] ordered to pay $1300/mo c/s. [Appellant] prepare decree. Notify.

That entry is followed by what appears to be three sets of initials.

Judgment of Modification of Divorce Decree was filed August 28, 1996. It terminated maintenance retroactive to the date of trial, March 13, 1995, and modified the child support award. The *modification, with respect to the amount of child support to be paid,* provides:

> The court further finds that upon consideration of the circumstances and income of both parties, that [Appellant's] child support obligation shall be changed to One Thousand Three Hundred ($1,300.00) Dollars per month. This modification of [Appellant's] child support obligation shall be retroactive to the 13th day of March, 1995. Said amount is a deviation from Rule 88 and Form 14 guidelines with the Court

expressly finding that it would be unjust and inappropriate to follow said guidelines in this case.

> Said modified child support amount shall commence on the 17th day of March, 1995 and are [sic] to continue the same day of each month thereafter until said minor child has reached majority, becomes emancipated in accordance with statutory and case law or [sic] the State of Missouri or by further order of the Court....

Appellant's motion to modify was filed July 14, 1994. He filed an amended motion to modify December 21, 1994. Both the original and amended motions requested that maintenance be terminated.

■ Appellant contends:

The trial court erred and abused its discretion in terminating maintenance effective the 13th day of March, 1995 instead of making said termination retroactive to the filing of the motion to modify on July 14, 1994 despite the fact that the income of the parties was the same on March 13, 1995 as it was on July 14, 1994. There is no substantial evidence to support said order and that said order is against the weight of the evidence.

■ The effective date of modification of maintenance, including its termination, is within the sound discretion of the trial court.[2] *Dimmitt v. Dimmitt,* 849 S.W.2d 218, 221 (Mo.App.1993); *Beeler v. Beeler,* 820 S.W.2d 657, 662–63 (Mo.App.1991). This court finds no abuse of discretion by the trial court in making the termination of maintenance effective the date of trial of the motion to modify. That issue on appeal is denied.

■ Appellant's *remaining complaints are directed to the amount of child support he was ordered to pay.* He contends the trial court erred and abused its discretion in setting the amount of support.

Appellant and respondent each filed a completed Form 14. Appellant calculated the presumed child support amount to be $565. Respondent calculated it to be $1,369. The record does not reflect that the court accept-

---

2. § 452.370.6, RSMo 1994, permits a trial court to modify maintenance "only as to support or

maintenance installments which accrued subsequent to the date of personal service."

ed either Form 14 or completed a separate one. It does not disclose that the trial court determined the amount of presumed child support. In *Neal v. Neal*, 941 S.W.2d 501 (Mo. banc 1997), the court explained that in situations in which a trial court does not find for the record the presumed child support amount calculated pursuant to Form 14:

> Meaningful appellate review is, therefore, not possible, either to determine the presumed correct child support amount or to determine whether the trial court's attempt to rebut any child support amount calculated pursuant to Form 14 was proper. The inadequacy of the record in these respects requires reversal.

*Id.* at 504.

*Neal* directed, "On remand, the trial court should follow the detailed prescriptions contained within *Woolridge* [*v. Woolridge,* 915 S.W.2d 372 (Mo.App.1996)] first to determine and find for the record the presumed correct child support amount and, then, to make a proper record with respect to why the presumed correct child support amount should be rebutted, if the trial court so determines." *Id.*

*Woolridge* states:

> [U]nder Rule 88.01 the trial court in all cases involving the award of child support is required to determine and find for the record the presumed correct child support amount calculated pursuant to Civil Procedure Form No. 14. The determination and finding of the amount can be done by either accepting for the record a Form 14 amount calculated by a party, or in the event it "rejects" the Form 14 amounts of the parties as being incorrect, doing its own Form 14 calculation. The trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and making it a part of the record, ... or by articulating on the record how it calculated its Form 14 amount. Required findings for the record can be done by separate written findings, findings in the judgment entry, or by oral findings on the record. The lack of specific findings as to how the trial court calculated its Form 14 amount will not automatically trigger a reversal on appeal on that issue,

provided the record clearly indicates how the trial court arrived at its Form 14 amount.

915 S.W.2d at 381–82.

*Woolridge* further discusses appropriate procedures for trial courts to follow if they find the Form 14 amount of child support has been rebutted. It suggests that although all that is necessary for a trial court to find is that the presumed correct child support amount is unjust or inappropriate, "to properly frame the factual and legal issues for appeal so as to avoid needless reversals and remands, ... it consider including in its findings why it found the amount to be unjust or inappropriate. In making such a finding, the trial court would only be articulating for the record what it is already required to do mentally by Rule 88.01." 915 S.W.2d at 382.

The trial court's failure to determine the amount of presumed child support requires that the part of the judgment modifying child support be reversed. The case must be remanded to permit the trial court to determine the amount of presumed child support and whether the presumed amount was rebutted by the evidence adduced at trial.

The judgment is reversed and remanded as to the modification of child support. The trial court is directed to make findings that set forth the correct amount of presumed child support and, in a manner consistent with the directive in *Neal*, to enter such order with respect to the request to modify child support as the trial court concludes is warranted by the facts of the case and applicable law. The judgment is affirmed as to all matters other than child support.

CROW, P.J., and SHRUM, J., concur.