In re the MARRIAGE OF Kimberly Johanna HAYES and Harlow Dean Parsons.

Kimberly Johanna Hayes, Petitioner–Respondent,

v.

Harlow Dean Parsons, Respondent–Appellant.

No. 23042.

Missouri Court of Appeals, Southern District, Division Two.

March 6, 2000.

768

Anita K. Oakes, Glades & Associates, P.C., Joplin, for appellant.

Tina M. Longnecker, Joplin, for respondent.

JAMES K. PREWITT, Judge.

Appellant Harlow Dean Parsons appeals from a judgment dissolving the parties' marriage. He contends the trial court erred in not changing the name of the parties' child.

Petitioner–Respondent (Wife) gave birth to a son, Michael Edward Hayes on October 11, 1992, in Kansas. The father of the child is Respondent–Appellant (Husband). Although the two were not married at the time of the child's birth, paternity of the child is not an issue here. When Michael was born, Wife named the child using her surname, and left blank the designation for the father's name. She testified that at the time of the birth, the father did not want the child.

The relationship between the parties continued "off and on," and they moved in together in 1994. They were married on November 22, 1996, in Vicksburg, Mississippi. Wife filed her petition for dissolution of marriage on September 4, 1998. Trial was held on May 5, 1999, and judgment filed on June 3, 1999. Primary physical custody of the child was granted to Wife.

At issue in this appeal is the refusal of the trial court to change the name of the minor child, as requested by Husband in his answer to Wife's petition for dissolution. In denial of Husband's request for change of name, the trial judge stated: "Considering the facts that Petitioner never assumed the use of Respondent's name and the child has never used Respondent's surname and further because neither Petitioner nor [R]espondent took the action

needed to change the child's name during the course of the marriage, Respondent[']s request to change the child's name is denied." Husband appeals, presenting two points relied on.

■ Point I states: "The trial court erred by failing to change the name of the parties['] minor child from Michael Edward Hayes to Michael Edward Parsons." This point is obviously inadequate. To satisfy the "wherein and why" requirement of Rule 84.04(d), a point relied on must state why the ruling was erroneous and wherein the evidence, lack thereof, or other matters, supports the position the party asserts the trial court should have taken. *Superior Outdoor Advertising Co. v. Snadon*, 965 S.W.2d 421, 423 (Mo.App.1998). Nevertheless, because a minor child is involved, we review Appellant's contentions as we understand them from the argument portion of his brief.

Wife testified that at the time she told Husband she was pregnant (in February, 1992), he did not want the child and did not want her to continue the pregnancy. She further stated that when Michael was born, Husband was not present at the hospital, having gone home to "feed the animals," and did not return until her release from the hospital. When she was asked to provide a name for the child and the name of the father, she gave the child her surname and left the space for the father's name blank.

Prior to Michael's enrollment in kindergarten, the parents discussed changing the child's name to that of his father's and obtained the required forms from Kansas. The forms hung on a nail on the wall in their dining room and were never completed. Although Wife testified she was in favor of the name change then, she was opposed to it at the time of their divorce, because Michael had "already been in school for almost an entire school year. He's ... been involved with friends at a certain day care for over three years now. It would be a great hardship and confusion for the child."

■ Normally, the scope of discretion to deny a petition for change of name is narrow. *Matter of Natale*, 527 S.W.2d 402, 405 (Mo.App.1975). The common law and statutory right to change one's name belongs to the individual whose name is being changed. *Barr v. Barr*, 987 S.W.2d 471, 473 (Mo.App.1999). The limited exception is a petition to change the name of a minor·child brought by the child's parent in a dissolution proceeding. *Newsom v. Newsom*, 976 S.W.2d 33, 40 (Mo.App.1998).

■ "Certain factors should be considered by the trial court when contemplating changing a minor's name." *M.L.H., by D.R.H. v. W.H.P.*, 831 S.W.2d 677, 679 (Mo.App.1992), *citing R.K.-T.S. by V.T. v. R.S.*, 819 S.W.2d 749, 750 (Mo.App.1991). "These factors include 'the child's age, the potential embarrassment or discomfort the child would experience when his or her surname is different than the custodial parent, and how the name change will affect the child's relationship with his [or her] parent.'" *Id.*

■ In the case before us, the child himself is not seeking a name change, and is not of an age to have a meaningful opinion on this issue. The primary custodial parent does not favor the name change and testified that if Michael had a surname different from hers, it would cause hardship and confusion to the child, especially since he has been attending school and day care where he is known as Michael Hayes. The trial court apparently agreed with Wife, and set forth reasons for its decision. We are convinced that there was no abuse of discretion. Point I is denied.

Point II contends:

The trial court erred by failing to order the parties to complete the requisite paperwork necessary for the Kansas Bureau of Vital Statistics to change the birth certificate of the parties['] minor child, Michael, to reflect the change of name from Michael Edward Hayes to

Michael Edward Parsons and to add Appellant's name as his biological father.

■ The first part of this point fails, as in determining Point I we find no abuse of discretion in not ordering the name change. Wife has stated in her brief that she has consented to adding Appellant's name as the father on the child's birth certificate. We remand on this issue only to ensure that Appellant's name, as biological father, be included on the birth certificate.[1]

The judgment is affirmed and the cause remanded for the purpose herein stated.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

[1]. It is questionable whether the pleadings raise this issue, but as the parties are in agreement and a child is involved, we grant the relief agreed upon.