In re the MARRIAGE OF Luther R.
HOFF and Carolyn S. Hoff.

Luther R. Hoff, Petitioner–Appellant,

v.

Carolyn S. Hoff, Respondent–
Respondent.

No. 25700.

Missouri Court of Appeals,
Southern District,
Division Two.

May 21, 2004.

Wayne Gifford, Waynesville, MO, for
Appellant.

Christy D. Cramer Preston, Rolla, MO,
for Respondent.

JEFFREY W. BATES, Judge.

In July 2000, Luther Hoff ("Father")
filed a petition in the Circuit Court of
Pulaski County, Missouri, seeking to dis-
solve his marriage to Carolyn Hoff ("Moth-
er"). The principal contested issue in the
case was which party would receive custo-
dy of the Hoffs' 12–year–old daughter.

The case was tried in January 2003, and
the trial court entered its judgment on
May 22, 2003. The judgment addressed
the custody issue in the following fashion:
"Child Issues: Having considered all rele-
vant factors, including all of the factors
listed in subdivisions (1) to (8) of subsec-
tion 2 of Section 452.375, RSMo., the Court
finds that [Mother's] Parenting Plan is in
the best interests of the child."[1] Mother's
parenting plan awarded "primary physical
custody" of the Hoffs' daughter to Mother.
The judgment did not require Mother to
give any notice prior to relocating the
child's principal residence. Mother's par-
enting plan, which was incorporated into

1. All references to statutes are to RSMo 2000 unless otherwise specified.

the judgment, contained the following provision: "Relocation of the Child's Residence, 452.377 RSMo. The parties are exempt from the provisions of 452.377 RSMo." Father appeals.

Father contends that the trial court erred in two respects. First, the judgment did not contain written findings, as required by § 452.375.6, detailing the specific factors listed in § 452.375.2 that made the trial court's custody order in the minor child's best interest. Second, the judgment did not contain the notice language required by § 452.377.11 concerning a proposed relocation of the child's principal residence. With commendable candor, Mother concedes that the judgment is deficient in each of these respects. Thus, Father and Mother both argue that we should reverse the judgment and remand the case. We agree.

■ As to the first issue, *In re Marriage of Cluck*, 121 S.W.3d 271 (Mo.App. 2003), is dispositive. There, as here, the trial court failed to make written findings pursuant to § 452.375.6 regarding the specific relevant factors that made the parenting plan chosen by the court in the child's best interest. *Id.* at 273. Accordingly, we held:

> Because of the failure of the trial court to set forth any meaningful findings, we

are in the position of being unable to review the trial court's parenting plan to ascertain whether sufficient evidence supports the implementation of the plan or whether it complies with the appropriate statutes. We thus reverse and remand with instructions to the trial court to make the requisite findings and to implement them into an appropriate parenting plan.

*Id.* at 272–73. We reach the same conclusion here.

■ As to the second issue, § 452.377.11 expressly requires that every court order entered after August 28, 1998, contain specific language detailing the manner, timing and content of a notice that must be furnished prior to any proposed relocation of a child's primary residence.[2] We find nothing in § 452.377 which would permit the trial court to exempt the Hoffs from compliance with this statute. Therefore, the trial court erred in omitting the required notice language from its judgment.

For these reasons, we reverse the judgment and remand this case with instructions for the trial court to prepare a new judgment which: (1) makes the findings required by § 452.375.6 by detailing the specific relevant factors, as set forth in § 452.375.2, which made the parenting plan adopted by the trial court in the

---

2. The mandated language is as follows: "Absent exigent circumstances as determined by a court with jurisdiction, you, as a party to this action, are ordered to notify, in writing by certified mail, return receipt requested, and at least sixty days prior to the proposed relocation, each party to this action of any proposed relocation of the principal residence of the child, including the following information: (1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city; (2) The home telephone number of the new residence, if known; (3) The date of the intended move or proposed relocation; (4) A brief statement of the specific reasons for the proposed relo-

cation of the child; and (5) A proposal for a revised schedule of custody or visitation with the child. Your obligation to provide this information to each party continues as long as you or any other party by virtue of this order is entitled to custody of a child covered by this order. Your failure to obey the order of this court regarding the proposed relocation may result in further litigation to enforce such order, including contempt of court. In addition, your failure to notify a party of a relocation of the child may be considered in a proceeding to modify custody or visitation with the child. Reasonable costs and attorney fees may be assessed against you if you fail to give the required notice."

child's best interest; and (2) includes the notice language mandated by § 452.377.11. However, we decline to order the further relief requested by Father, *viz.:* that he be allowed on remand to present "evidence as to what has occurred since the date of the Judgment." It is for the trial court to decide, in the exercise of its discretion, whether to reopen the record and receive additional evidence on remand. *See Young v. Young,* 59 S.W.3d 23, 29 (Mo. App.2001); *K.S.H. v. D.J.H.,* 891 S.W.2d 144, 150 (Mo.App.1995). The issue is not one for us to determine in the first instance.

The judgment of the trial court is reversed. The case is remanded with instructions to the trial court.

SHRUM, J. and RAHMEYER, C.J., P.J., Concur.