**IN THE MATTER OF THE PETITION TO
CHANGE NAME OF TIA`I MASE, Petitioner.**

High Court of American Samoa
Trial Division

CA No. 97-02

November 9, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Petitioner, David Wagner
   *Amicus Curiae*, Fiti A. Sunia, Attorney General

## ORDER GRANTING PETITION FOR NAME CHANGE AND DENYING PETITION TO ALTER BIRTH CERTIFICATE

### Introduction

Tia`i Mase ("Mase") seeks an order allowing him to change his name to Murphy Fonoti, on the grounds that he has been known by the name of Murphy Fonoti throughout his life and on numerous public records. In addition, Mase seeks to have his birth certificate modified to correspond with this legal change in name, citing to previous instances whereby the Registrar of Vital Statistics has apparently re-issued birth certificates based on name-change orders issued from this court.

In light of the important underlying policy concerns raised by the petition, and in view of past public mischief with the Office of Vital Statistics, culminating in, among other things, criminal prosecutions, we directed the Attorney General for briefing on the issue of the Registrar of Vital Statistics' self-asserted authority to amend original birth certificates, based solely on name-change orders issued by this court.

Having considered relevant statutory authority, we hold that while Mase may change his name, his petition to alter his birth certificate is without any legal basis, and must, therefore, be denied.

### Discussion

■ We recognize, as does Mase, that an individual has a common law right to change his or her name, so long as such modification is not done for a fraudulent or improper purpose. *See Application of Mamea*, 24 A.S.R.2d 66 (Trial Div. 1993)("The common law recognizes the right to change one's name, and in the absence of statutory abrogation of that right, courts should encourage petitions to make a public record of these changes."); *Application of Amataga*, CA No. 85-95, slip op. at 2 (Trial Div. 1996) (Order Requiring Notice & Further Hearing, issued Nov. 17, 1995) ("At common law, a person is free to adopt and use whatever name he or she chooses; however . . . [a] name change application will not be granted if it is sought for any fraudulent purpose or if it infringes on the rights of others.") *See also In re Daniels*, 773 N.Y.S.2d 220, 221 (2003); *In re Change of Name of DeWeese*, 772 N.E.2d 692, 693 (2002); *In re the Marriage of Hayes*, 12 S.W.3d 767, 769 (2000). We are not persuaded, however, that Mase can have his birth certificate modified in addition to legally changing his name.

■ In determining whether Mase can have his original birth certificate modified, our task here is essentially one of statutory construction; to give effect to the legislative will expressed by the Fono. Where the will of the legislature "has been expressed in reasonably plain terms, that

language must ordinarily be regarded as conclusive." *Negonsott v. Samuals,* 507 U.S. 99, 104 (1993). A court has a duty to adhere to the plain meaning of a statute, "except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises,* 489 U.S. 235, 242 (1989).

In the current case, the only pertinent statute pertaining to birth certificate amendments relating to changes in name is A.S.C.A. § 13.0530, which provides:

> (a) Whenever the facts are not correctly stated in any certificate of birth, death, or marriage already registered, the person asserting the error may make an affidavit under oath stating the changes necessary to make the record correct, supported by the affidavit of one other person having knowledge of the facts, and file it with the registrar.
> (b) The Registrar of Vital Statistics shall review the affidavits and documents and may require further supporting evidence when he believes that it is necessary. If the registrar is satisfied that the correction is properly supported, he shall accept the amendment.
> (c) When the amendment is accepted, it shall be filed with and become a part of the pertinent record, but the original record shall not be altered. Certified copies of certificates may be made showing the correct information, but must show that it is an amended birth certificate.

■ Notwithstanding the contrary legal position thus far taken by the Attorney General, we conclude that the plain language of Section 13.0530 does not give the Registrar of Vital Statistics authority to amend a birth certificate in situations in which a person changes his or her name. In *Littleton v. Prange,* 9 S.W.3d 223 (1999) the Texas appellate court was confronted with the question of whether an individual could alter his name and gender on his original birth certificate after having undergone gender reassignment surgery. The court had to decide whether such modification was proper under Texas Health & Safety Code Annotated § 191.028(b), which stated in relevant part "[an] amending certificate may be filed to complete or correct a record that is incomplete or proved by satisfactory evidence to be inaccurate." The court held that the statute did not apply to situations in which a party sought to change his name, reasoning that "the legislature intended the term 'inaccurate' in Section 191.028 to mean inaccurate as of the time the certificate was recorded; that is, at the time of birth." *Id.* at 231.

■ In light of similar language under our own statute, we likewise hold in the current case. Had Mase shown that his name was, for example,

misstated or misspelled on his birth certificate, then Section 13.0530 would apply, since the facts on his birth certificate would not have been correctly stated at the time it was recorded. Changing one's name, however, is a far different proposition. Under such circumstances, a party is not arguing that the name on the original birth certificate was incorrect or that the information recorded was based on error or fraud. Quite the contrary, Mase maintains that the name on his birth certificate was the correct name given him at the time of birth, but that the birth certificate should now be modified to correspond with the new name now sought. Just as the *Littleton* court, we believe that the Fono intended the phrase "whenever the facts are not correctly stated" to refer to facts not correctly stated at the time of recordation, not to facts that later become incorrect by virtue of a party's voluntary actions to change his legal name. Therefore, we conclude that Section 13.0530 is inapplicable on the facts before us.

■ Even assuming *arguendo* that Section 13.0530 is applicable in circumstances in which one seeks to change his or her name, this in turn would not allow modification of the original birth certificate, as Mase maintains. The plain statutory language of Section 13.0530(c) provides that "[w]hen the amendment is accepted, it shall be filed with and become a part of the pertinent record, *but the original record shall not be altered*." (emphasis added). Thus, an "amended" certificate under this statutory provision clearly does not propose an alteration or destruction of the original birth, death, or marriage record, but rather requires the registrar to merely attach the new information as an addendum while leaving the original record unchanged.

Consequently, although Mase may change his legal name, absent fraudulent purpose and/or infringement on the rights of others, he may not amend his original birth certificate unless he can show improper recordation of his name at the time the original birth certificate was created.

Satisfied that Mase's petition was not made for a fraudulent purpose, and public notice having been duly given, we conclude and order as follows:

### Order

1. Mase's petition for a name change is hereby granted. Mase shall, from this day forward, be legally known as Murphy Fonoti.

2. Mase's petition to amend his original birth certificate is denied.

3. The Clerk of Courts shall cause a copy of this Order to be served upon the Registrar of Vital Statistics as well as the Attorney General.

It is so ordered.