Peter TIPTON, Respondent,

v.

Nilufer JOSEPH–TIPTON, Appellant.

No. WD 64987.

Missouri Court of Appeals,
Western District.

Oct. 18, 2005.

Charles Dykhouse, Columbia, for Appellant.

Leslie Mayberry Schneider, Columbia, for Respondent.

PAUL M. SPINDEN, Judge.

Nilufer Joseph–Tipton appeals the circuit court's judgment dissolving her marriage to Peter Tipton. She complains of the circuit court's rulings concerning custody of her two children and child support. The circuit court ordered that the couple share joint legal and physical custody of their children and awarded no child support. We reverse the circuit court's judgment and remand to the circuit court for it to make additional findings of fact.

█ Joseph–Tipton first contends that the circuit court erred in making its custody determination because it did not include in its judgment written findings of fact based on the public policy in Section 452.375.4, RSMo 2000, and the factors listed in Section 452.375.2(1) to (8), RSMo 2000, detailing the specific relevant factors that made the custody arrangement in the best interest of the children. Tipton counters that, pursuant to Rule 78.07, Joseph–Tipton did not preserve this issue for our review, because she did not file a motion to amend the circuit court's judgment.

Rule 78.07(c) says, "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." This rule became effective on January 1, 2005, while this case was pending and was, according to Rule 41.06, applicable to these proceedings.

Rule 41.06, however, authorizes us to excuse noncompliance with a newly promulgated rule if applying it "would work injustice." In light of the procedural history in this case, applying Rule 78.07(c) to this case would work injustice.

After the circuit court held a trial and entered a docket entry indicating its ruling, both parties filed post-trial motions, although the docket entry was not a judgment. In his motion, Tipton informed the circuit court:

> Pursuant to Section 4[52].375.2 RSMo., if the parties are unable to agree to a custodial arrangement, the court is required to issue written findings regarding each of the subdivisions of Section 452.375 RSMo. Failure of the court to issue written findings will result in reversal and remand for the court to issue the findings.

The circuit court did not heed Tipton's warning, and when it entered its judgment on December 22, 2004,[1] it did not include any of the written findings of fact required by Section Section 452.375.2 or 452.375.4.

Pursuant to Rule 75.01, the circuit court retained control over its judgment for 30 days after entering its judgment. During this 30-day period, Rule 78.07 became effective, and Joseph–Tipton could have filed a motion asking the circuit court to amend its judgment to include the statutorily required findings of fact to be in compliance

---

1. The circuit court entered a judgment *nunc pro tunc* on December 28, 2004, to correct the spelling of Joseph–Tipton's name.

with Rule 78.07(c), but she did not do so. Nonetheless, the circuit court's failure to act on Tipton's warning that necessary findings of fact needed to be added to its judgment causes us to conclude that, had Nilufer Joseph–Tipton filed a motion to amend the judgment to include the missing findings of fact, the circuit court would have ignored it, too. Hence, we consider the issue raised by Joseph–Tipton to be preserved for our review and consider its merits.

■ Indeed, as Tipton averred in his motion, because the parties did not agree on the custody arrangement for the children, the circuit court was required to include findings of fact in its judgment based on the public policy in Section 452.375.4 and the factors listed in Section 452.375.2 detailing the specific relevant factors that caused it to conclude that the chosen custodial arrangement was in the children's best interests. Section 452.375.6, RSMo 2000; *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005). Although Section 452.375.6 does not require the circuit court to make written findings of fact on all of the factors listed in Section 452.375.2, the circuit court must detail what it deems to be the relevant factors. *Speer*, 155 S.W.3d at 62. The circuit court's judgment did not include any findings of fact concerning the factors listed in Section 452.375.2 and did not include findings of fact based on the public policy in Section 452.375.4. The circuit court's judgment merely quoted Section 452.374.4's declaration of Missouri's public policy. The judgment did not include any specific findings of fact regarding the public policy, but declared only that the parents' sharing joint legal custody and joint physical custody was "in the best interests of the minor children."

We, therefore, reverse the circuit court's judgment and remand for the circuit court to make the required findings of fact in compliance with Section 452.375.6. To the extent that Joseph–Tipton requests that we order the circuit court to hear additional evidence as to the children's best interests in regard to the parenting plan, this is a matter for the circuit court "to decide, in the exercise of its discretion, whether to reopen the record and receive additional evidence on remand." *In re Marriage of Hoff*, 134 S.W.3d 116, 118 (Mo.App.2004).

■ Joseph–Tipton also asserts that the circuit court erred in not awarding child support. She notes that the circuit court did not adopt either party's Form No. 14 or calculate its own before making a finding that the Form No. 14 calculation was unjust and inappropriate.

■ The circuit court failed to follow the required two-step process in determining child support in accordance with Section 452.340, RSMo 2000, and Rule 88.01. *Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997). In step one, the circuit court must determine for the record the presumptively correct child support amount under the Form No. 14 calculations. *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App.1996). In step two, the circuit court must "consider whether to rebut the presumed correct child support amount, as found by the court, as being unjust or inappropriate after consideration of all relevant factors." *Id.* In determining the presumed child support amount under the first step, the circuit court can either accept one of the parties' Form No. 14 calculations or reject both parties' calculations and prepare its own Form No. 14. *Id.* at 381.

The circuit court did neither. It did not determine for the record the presumptively correct child support amount. In its findings, the circuit court noted only, "After consideration of all relevant factors

pursuant to Section 452.340.8, and Supreme Court Rule 88.01, the Court finds that the Court's presumed child support calculation as rebutted as being unjust or inappropriate due to the joint parenting plan. Court orders no child support." In its conclusions, the circuit court said:

> The court finds that the presumed correct child support amount pursuant to Section 452.340.8 RSMo 1994, Supreme Court Rule 88.01, and Civil Procedure Form No. 14 is rebutted; that after consideration of all relevant factors pursuant to Section 452.340.8 and Rule 88.01, said amount is rebutted as being unjust or inappropriate based upon the circumstances of the parties and the joint physical custody plan; and, that after consideration of all relevant factors pursuant to Section 452.340.1 RSMo 1994, and Rule 88.01, no child support is ordered.

The circuit court did not find for the record the presumed correct child support amount calculated pursuant to Form No. 14. "Meaningful appellate review is, therefore, not possible, either to determine the presumed correct child support amount or to determine whether the [circuit] court's attempt to rebut any child support amount calculated pursuant to Form 14 was proper." *Neal,* 941 S.W.2d at 504.

We, therefore, reverse the circuit court's judgment as to child custody and child support. On remand, the circuit court should first "determine and find for the record the presumed correct child support amount and, then, ... make a proper record with respect to why the presumed correct child support amount should be rebutted, if the [circuit] court so determines." *Id.* It should also enter the proper findings of fact in its judgment pursuant to Section Section 452.375.4 and 452.375.2.

HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.