**In the Matter of M.A.F., by and through her Next Friend, Erica BRANDON.**

No. 28299.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 6, 2007.

John R. Farlow, Texarkana, TX, Appellant Acting pro se.

Jane B. Wyman, Joplin, MO, for respondent (no brief filed).

NANCY STEFFEN RAHMEYER, Judge.

John R. Farlow ("Appellant") appeals the final judgment granting a name change of Appellant's daughter. In Appellant's only point relied on, he contends that his due process rights were violated when he was not given an opportunity to participate in a hearing to change the name of his child. We find that Appellant's due process rights were not violated as Appellant did in fact receive sufficient notice and opportunity to be heard to satisfy the requirements of due process. The judgment is affirmed.

Appellant is the uncontested biological father of M.A.B., previously M.A.F. ("the child"). On July 15, 2005, Erica Brandon, as next friend of the child, filed a petition for change of name. Appellant received notice of this petition and on August 4, 2005, filed an answer,[1] challenging the change of name petition. Appellant also filed a notice of appearance pro se and a writ of habeas corpus ad prosequendum. Appellant's writ was denied on October 3, 2005, and a trial date was set for October 21, 2005. Appellant also filed an objection to the scheduling of the trial date. A motion for continuance was filed on behalf of Petitioners, which was granted, and the trial date was set for November 14, 2005.

The trial for change of name was held on November 14, 2005. At the time of trial, Appellant was incarcerated in a federal prison after being found guilty in federal court of trading child pornography over the internet. On the day of trial, Appellant did attempt to contact the court by phone many times with requests that he be allowed to participate in the hearing; however, the trial court refused to allow

1. Respondent did not file a response brief in this case. We cannot ascertain whether Erica Brandon was ever served with Appellant's brief by the docket sheets and lack of certifi-

cate of service. She was certainly entitled to the same rights of due process as Appellant. Regardless, we have chosen to address the merits of Appellant's point.

Appellant access to the hearing by phone because Appellant failed to provide timely notice of his request. The trial court indicated it could not properly grant access to Appellant by phone without timely notice; however, it noted it would have considered the option had timely notice been given.

 It is undisputed that there is a constitutional right of access to the courts. *Call v. Heard,* 925 S.W.2d 840, 846 (Mo. banc 1996). This right of access, however, is not a right to perfect access. *Id.* The Missouri Supreme Court has held that constitutionally sufficient access can be afforded by means other than personal appearance. *Id.* Moreover, the right of access does not automatically encompass a right to be present in person at trial. *Id.*

In cases involving change of name and the parent child relationship, *Neal v. Neal,* 941 S.W.2d 501 (Mo. banc 1997), has stated that "proper procedure" must be followed. *Id.* at 503. Proper procedure requires notice and opportunity for adequate preparation for hearing by both parents. *Id.* Notice is required, not only to comply with due process, but also because the trial court's discretion in changing a child's name is guided by a determination of what is in the best interests of the child. *Schubert v. Tolivar,* 905 S.W.2d 924, 926 (Mo.App. E.D.1995). The trial court cannot be assured that evidence with respect to best interests has been fully developed without notice to the parents. *Neal,* 941 S.W.2d at 503.

Appellant was given notice and an opportunity to be heard in this case. Appellant was heard through the filing and denial of each of the allegations in his answer objecting to the change of name, in his objection to the scheduling of a trial date, and in his writ of habeas corpus. Each motion set out facts and circumstances that allowed the trial judge to make a factual determination about the interests of the child with regard to the request for the change of name. Further, the trial court indicates on the record that it would have entertained a motion of alternative methods of appearance if the court had been given a timely request. Appellant was afforded an opportunity to be heard and therefore the trial court has complied with the fair play and substantial justice required by due process. No error is found. The judgment is affirmed.

BARNEY, P.J., and LYNCH, C.J., concur.