Gary M. Gaertner, Jr., Presiding Judge *896 Introduction
Casey D. Richardson (Father) appeals from the trial court's judgment awarding child support to Jennifer R. Richardson (Mother). On appeal, Father challenges the amount of the child support award. We affirm.
Facts and Background
Mother and Father have two children together: G.D.R., born 4/10/2006, and A.R.R., born 1/18/2011. Mother and Father married in 2010, and Father filed for dissolution in 2014. After a trial, the trial court entered a judgment dissolving the marriage.
As relevant to the issue raised on appeal, the trial court granted Mother and Father joint legal and physical custody of the two children, with a 50/50 physical custody arrangement of alternating weeks. In calculating its own Form 14, the trial court found that Father's gross monthly income was $3,566, based on his 2015 annual income; and that Mother's gross monthly income was $1,378. Father paid health insurance costs of $160 per month for the children, and both parties paid day care costs of $180 per month on behalf of A.R.R. Neither parent challenges these numbers on appeal. Because Mother's gross monthly income was less than $1,700, the trial court found Father was not entitled to a Line 11 visitation adjustment despite having equal custody. Using these numbers, the trial court calculated a presumed child support amount of $868 per month for two children. The trial court, however, found this amount to be unjust and inappropriate, and it reduced Father's child support obligation to $850 per month. This appeal follows.
Discussion
In his sole point on appeal, Father argues the trial court misapplied the law in its calculation of child support by refusing to apply a visitation adjustment in calculating its Form 14, in that Section 452.340.11[1] allows for a 50% visitation adjustment where the parents have equal custody, and Section 452.340.11 does not contain a minimum income threshold. We disagree.
Under our standard of review, we will affirm the trial court's award of child support unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Thorp v. Thorp, 390 S.W.3d 871, 882 (Mo. App. E.D. 2013). In reaching our conclusions, however, we owe no deference to the trial court's statutory constructions, which we review de novo. Rozelle v. Rozelle, 320 S.W.3d 225, 228 (Mo. App. E.D. 2010).
In determining the appropriate amount of child support, the trial court must follow a two-step procedure. Neal v. Neal, 941 S.W.2d 501, 504 (Mo. banc 1997). First, the trial court must apply Rule 88.01[2] and the Form 14 directions to calculate the presumed child support amount.
*897 Section 452.340.8; Rule 88.01; Neal, 941 S.W.2d at 504 ; Thorp, 390 S.W.3d at 882. The trial court may accept a Form 14 calculated by one of the parties or may prepare its own. Thorp, 390 S.W.3d at 882. Second, the trial court must consider whether to rebut the presumed correct child support amount as unjust and inappropriate after considering the relevant factors. Id. If the court rejects the presumed amount as unjust and inappropriate, it then uses its discretion to determine the proper amount. Id.
Application of Rule 88.01 and the Form 14 directions are "mandatory." Neal, 941 S.W.2d at 504 ; Plager v. Plager, 426 S.W.3d 689, 697 (Mo. App. E.D. 2014). Section 452.340.8 requires that the child support amount "shall" be determined in accordance with Missouri Supreme Court rules developed for that purpose. Looking to those rules, as relevant to the issue raised here, the directions for the Form 14, Line 11 provide that a parent obligated to pay child support is generally entitled to an adjustment based on the number of overnight periods of custody exercised by that parent per year, with certain explicitly delineated exceptions. Form 14, Line 11, DIRECTION and CAVEAT. The directions sets forth an adjustment of 10% for 92-109 overnight periods, but the directions allow that the trial court may apply an adjustment of over 10% and up to 50% when the paying parent exercises visitation or custody for more than 109 overnight periods per year. Form 14, Line 11, DIRECTION.
Nevertheless, the Form 14, Line 11 directions also set out a caveat, providing "an adjustment on line 11 shall not be allowed unless the adjusted monthly gross income of the parent entitled to receive support ... exceeds the amounts set forth in the table below. " Form 14, Line 11, CAVEAT (underlining added). The table sets the minimum income for two children as $1,700. Id. The words "shall not" makes the caveat mandatory, not discretionary. See State ex rel. Hunter v. Lippold, 142 S.W.3d 241, 243 (Mo. App. W.D. 2004) (courts construe words using their plain and ordinary meaning, and word "shall" expresses compulsion, obligation, or necessity). Moreover, in interpreting statutory language we consider the purpose of the entire act. Fowler v. Fowler, 504 S.W.3d 790, 797 (Mo. App. E.D. 2016). Here, the overall purpose of child support is to provide for the child's welfare. Gerlach v. Adair, 211 S.W.3d 663, 669 (Mo. App. W.D. 2007). It is self-evident that the caveat to the Form 14 directions is meant to ensure both parties can meet the basic needs of the children.
Although Mother and Father here have 50/50 custody, which would entitle Father to at least a 10% visitation adjustment under the Form 14 directions, because Mother's income is below the minimum threshold of $1,700 per year, the caveat to the Form 14 directions explicitly disallows the adjustment. See Form 14, Line 11, DIRECTIONS and CAVEAT; see also In re Marriage of Adams, 414 S.W.3d 29, 34-35 (Mo. App. S.D. 2013) (noting that although father had 92 periods of overnight visitation per year, which would entitle him to 10% visitation adjustment under Form 14, Line 11, DIRECTIONS, the visitation adjustment "does not apply" when mother's income was under minimum income threshold set out in caveat). The plain language of Section 452.340.8 and the Form 14 directions prohibited the trial court here from crediting Father with a visitation adjustment to the child support amount because Mother's income fell below $1,700. The trial court correctly found that Father was not entitled to a visitation adjustment and that the presumed correct *898 child support amount was $868[3] per month.[4]
Point denied.
Conclusion
The judgment of the trial court is affirmed.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

All statutory references are to RSMo. (cum. supp. 2011), unless otherwise indicated.

All rule references are to Mo. R. Civ. P. (2016), unless otherwise indicated.

The trial court then found the presumed correct child support amount to be unjust and inappropriate and reduced the amount from $868 per month to $850 per month. Father does not challenge this aspect of the trial court's judgment, and thus we do not address it in our analysis.

We are not convinced by Father's argument that Section 452.340.11 supersedes the Form 14 directions, and thus the trial court here was not prohibited from applying the visitation adjustment despite Mother's income. Section 452.340.11 allows a trial court the discretion to award a visitation adjustment of up to 50% when the parents have equal custody. See Section 452.340.11 (court "may" award child support in amount that provides up to 50% adjustment below basic child support amount authorized by child support guidelines described under subsection 8 of this section). The discretionary language contained in Section 452.340.11 does not prevail over mandatory language contained in Section 452.340.8 and the Form 14 directions.