Joseph Patrick WALSH,
Petitioner/Respondent,

v.

Donna Sue WALSH,
Respondent/Appellant.

No. ED 85978.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 21, 2006.

Brenda Renee Wall–Swedberg, Lancaster, MO, for Appellant.

Paul Rick Jackson, Kirksville, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Donna Sue Walsh (Wife) appeals from a Judgment and Decree of Dissolution of Marriage (Judgment). Wife argues that the trial court erroneously declared and applied the law in its determination of child custody and visitation in the Judgment. We reverse and remand.

*Factual and Procedural Background*

Wife and Joseph Patrick Walsh (Husband) were married in July 1991. Four children were born of the marriage, one each in 1992, 1994, 1995, and 1997. In January 2002, the parties separated, and Husband filed a Petition for Dissolution of Marriage (Petition). Subsequently, Wife filed an Answer to the Petition.

In October 2004, a trial on the Petition was had. At trial, Wife testified that she lived with Rick Johnson (Johnson) and that they have a child together. Johnson testified that he and Wife began living together after Wife separated from Husband, that they have a child together, and that he plans on marrying Wife. Johnson also testified that he pled guilty to an offense of having sexual intercourse with a twelve-year-old female when he was about twenty-one years old and that he served several years in the Minnesota penal system for his conviction. Wife testified that she was aware of Johnson's conviction.

In December 2004, the trial court entered its Judgment dissolving the parties' marriage. The court awarded sole legal and sole physical custody of the parties' children to Husband. The court also denied visitation to Wife. The court based its custody and visitation orders on the application of Sections 452.375.3 and 452.400.1

RSMo Cum.Supp.2004[1] and concluded that because Johnson resided with Wife and was a person as described in the statutes, the court was prohibited from awarding custody or visitation to Wife. Further, although the parties submitted, at the court's request, proposed findings regarding the factors set out in Section 452.375.2, which addresses the best interests of the child, the court did not consider the factors in its Judgment. The court also did not adopt a parenting plan, although the parties submitted proposed parenting plans.

Wife filed a motion for new trial, which the trial court overruled. Wife appeals from the Judgment.[2]

### Standard of Review

The standard for reviewing a judgment of dissolution is the same for reviewing any court-tried action. *Bullard v. Bullard*, 929 S.W.2d 942, 944 (Mo.App. E.D. 1996). The judgment must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

■ Wife raises three points on appeal. In her first point, Wife argues that the trial court erred in applying the 2004 amended version of Sections 452.375 and 452.400 RSMo rather than the 1998 version to determine child custody and visitation because the case was filed in January 2002.

■ The statute in effect at the time a petition commencing an action is filed is the applicable statute. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991). This is so even if the case is tried after the effective date of the amended statute. *Hoskins v. Box*, 54 S.W.3d 736, 740 (Mo. App. W.D.2001).[3] Husband filed his Petition in January 2002, and thus, the 2000 version of Sections 452.375 and 452.400 RSMo are the applicable statutes in this case.

Section 452.375.3 RSMo 2000 provides:

The court shall not award custody of a child to a parent if such parent has been found guilty of, or pled guilty to, a felony violation of chapter 566, RSMo, when the child was the victim, or a violation of chapter 568, RSMo, except for section

---

1. Section 452.375.3 RSMo Cum.Supp.2004 provides in relevant part:
   > In any court proceedings relating to custody of a child, the court shall not award custody or unsupervised visitation of a child to a parent if such parent *or any person residing with such parent* has been found guilty of, or pled guilty to, ... an offense committed in another state when a child is the victim, that would be a felony violation of chapter 566, RSMo, except for section 566.034, RSMo, ..., if committed in Missouri....
   
   (emphasis added).
   Section 452.400.1 RSMo Cum.Supp.2004 provides in relevant part:
   > The court shall not grant visitation to the parent not granted custody if such parent *or any person residing with such parent* has been found guilty of or pled guilty to ... an

offense committed in another state when a child is the victim, that would be a felony violation of chapter 566, RSMo, except for section 566.034, RSMo, ..., if committed in Missouri....
(emphasis added).

2. We note that Husband did not file a Respondent's brief.

3. Although there are exceptions to the presumption that statutes operate prospectively, we conclude that none applies here. *See Hoskins*, 54 S.W.3d at 739–740. Further, the 2004 amendments to Sections 452.375.3 and 452.400.1 RSMo affect substantive rights because they provide a new ground under which a court is required to deny a parent child custody or visitation.

568.040, RSMo, when the child was the victim.

Section 452.400.1 RSMo 2000 provides in relevant part:

The court shall not grant visitation to the parent not granted custody if such parent has been found guilty of or pled guilty to a felony violation of chapter 566, RSMo, when the child was the victim, or a violation of chapter 568, RSMo, except for section 568.040, RSMo, when the child was the victim or an offense committed in another state, when the child is the victim, that would be a felony violation of chapter 566, RSMo, or chapter 568, RSMo, except for section 568.040, RSMo, if committed in Missouri.

Chapter 566, RSMo, is entitled "Sexual Offenses." Chapter 568, RSMo, is entitled "Offenses Against the Family."

In its Judgment, the trial court clearly relied on the 2004 amended version of Sections 452.375 and 452.400 RSMo to determine child custody and visitation. In its application of these statutes, the court based its determinations on "any person residing with such parent," specifically, Johnson residing with Wife and the admissions at trial revealing that Johnson was convicted of an offense that "would be a crime under Section 566.032 RSMo," first-degree statutory rape.

Accordingly, in applying the 2004 amended version of Sections 452.375 and 452.400 RSMo, rather than the 2000 version, which was the controlling law at the time Husband filed his Petition, to determine child custody and visitation in the Judgment, the trial court erroneously declared and applied the law. Wife's point one on appeal is granted.

In light of our ruling on her point one on appeal, Wife's points two and three on appeal are moot, as they address alternative arguments if the 2004 statute was applicable.

*Conclusion*

The Judgment of the trial court is reversed as to child custody and visitation and the cause is remanded to the trial court to determine child custody and visitation based on the applicable statutes in effect at the time the Petition commencing the action was filed.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.