In re the Marriage of: Karla J.
ALRED (Henson), and
Harold K. Alred,

Karla J. Alred (Henson), Petitioner–
Appellant,

v.

Harold K. Alred, Respondent–
Respondent.

No. SD 28806.

Missouri Court of Appeals,
Southern District,
Division Two.

July 6, 2009.

Wayne Gifford, Waynesville, MO, for Appellant.

Mark C. Prugh, Waynesville, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Karla J. Alred Henson ("Mother") appeals from a judgment modifying the terms of the Tennessee judgment that dissolved her marriage to Harold K. Alred ("Father").[1] The parties have one minor

---

1. Before its modification, the Tennessee judgment was registered in Missouri pursuant to

Rule 74.14. Unless otherwise noted, all refer-

child, who was born on January 30, 1997. Mother asserts seven points of alleged trial court error, challenging: 1) the trial court's authority to act; 2) the reduction of her contact with her child; 3) the failure to order a specific holiday contact schedule; 4) the absence of statutorily required language relating to any future relocation of the child; and 5) the absence of a Form 14 child support calculation. We affirm in part, reverse in part, and remand the matter to the trial court with a directive to enter an amended judgment that orders a holiday contact schedule, inserts the statutorily required relocation language, and awards an appropriate amount of child support after first calculating the presumed amount using Form 14.

## I. Factual and Procedural Background

Mother and Father were divorced in the state of Tennessee on July 24, 2003. The Final Decree dissolving their marriage ("the original dissolution judgment")— which incorporated the parties' Martial Dissolution Agreement and a Permanent Parenting Plan—awarded Mother the "custody, care and control of the Parties [sic] minor child" and awarded Father "reasonable and liberal visitation with said child and he shall have the right to visitation with said child at least every other weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on Sunday." After the marriage was dissolved, Mother and child left the state of Tennessee; first moving to Florida and then to Missouri.

On January 10, 2006, Father filed a petition in Pulaski county to register the original dissolution judgment in Missouri accompanied by a motion to modify that judgment. Father's motion to modify

claimed that he had been unable to exercise his visitation rights because he had not been provided with any advance notice of Mother's plans to relocate their child or "timely notification" of Mother's new address and phone number after the move had occurred. Father also claimed that Mother "has … been a regular user of controlled substances and has neglected the child of the parties by failing to provide her with appropriate parenting attention and support."

On January 10, 2008, the trial court granted Father's motion and awarded him sole custody of the parties' minor child. Mother was awarded "supervised visitation as agreed to by [Father]." Mother now appeals that judgment.

## II. Standard of Review

■ We will affirm a modification to a dissolution judgment if "it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *In re Marriage of Eikermann*, 48 S.W.3d 605, 608 (Mo.App. S.D.2001).

## III. Discussion

We address Mother's allegations of error in the order presented but, for ease of analysis, will discuss points four and five together.

*Point I: Change of Circumstances*

■ Mother's first point alleges the trial court had no authority to modify the dissolution judgment because it had no way to determine that the circumstances of the child or her custodian had changed in that no evidence was introduced at trial regarding the circumstances of the parties at the

ences to rules are to Missouri Rules of Court (2009).

time the original divorce decree was entered.

Section 452.410.1 [2] provides, in pertinent part:

[T]he court shall not modify a prior custody decree unless ... it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

While Mother is correct that a change of circumstances must be shown before a modification can be considered, she ignores the fact that she admitted such a change had occurred in her answer to Father's motion to modify. That answer admitted Father's averment that she had "relocated both herself and the minor child of the parties three times since the date of the final decree (resulting in both she and the minor child residing in the States [sic] of Florida ... and in the State of Missouri)." Section 452.411 states that "[i]f either parent of a child changes his residence to another state, such change of residence of the parent shall be deemed a change of circumstances under section 452.410, allowing the court to modify a prior visitation or custody decree." While a party is not required to file a formal responsive pleading to a motion to modify, any such responsive pleading that admits averments contained in the motion to modify qualify as evidentiary admissions (and perhaps even as judicial admissions if the responsive pleading, as here, is actually labeled as an "answer"). *See Peace v. Peace*, 31 S.W.3d 467, 471 (Mo.App. W.D. 2000). Mother presented no contrary evidence. Point I is denied.

*Point II: No Finding That Regular Visitation Would be Detrimental to the Child*

■ Mother's second point alleges the judgment to be defective because it "does not denominate that regular visitation would endanger the child's physical health or impair the child's emotional development or comply with the statutory requirements of section 452.400.1." "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c). While Mother did not file a motion to amend the judgment, she did file a motion for new trial. As "the title of a motion is not in itself dispositive, we examine the contents of the motion to determine the actual nature of the motion brought." *In re Marriage of Wood*, 262 S.W.3d 267, 273 (Mo. App. S.D.2008). Because Mother's new trial motion alleged that the modification judgment was defective for not complying with section 452.400 and referenced Rule 78.07(c), we construe it as a motion to amend the judgment and consider this point of alleged error as properly preserved for our review.

Section 452.400.1(1) states, *inter alia*, "[a] parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his [or her] emotional development." The original dissolution judgment granted Mother sole custody of the child and granted Father visitation. The modification judgment granted custody of the child to Father and states that Mother "shall be allowed only supervised visitation with the minor child of the parties," and "[t]he best interests of

2.  Unless otherwise indicated, all statutory references are to RSMo 2000.

the child shall be served in this case by affording [Mother] only supervised visitation with the minor child."

The section cited by Mother, 452.400, governs an initial award of visitation rights in a dissolution of marriage action. The *modification* of a custody decree, however, is governed by section 452.410, not 452.400. *Bather v. Bather*, 170 S.W.3d 487, 497 (Mo.App. W.D.2005). The original dissolution judgment granted Mother *custody* of the child; not visitation rights. As a result, any subsequent change in Mother's parenting time constitutes a modification of her *custody*; not a modification of visitation. *See Id.* Because the modification judgment ordered a change of custody (not visitation), the provisions of section 452.400 did not apply, and the trial court did not err by refusing to follow it or to explicitly state in its modification judgment that regular visitation would endanger the child's physical health or impair the child's emotional development. Point II is denied.

*Point III: Failure to Include Statutorily Required Relocation Language*

■ Mother's third point alleges the trial court erred because its modification judgment did not include a provision regarding relocation of the minor child as required by section 452.377.11. "After Au-gust 28, 1998, every court order establishing or modifying custody or visitation" must include specific language regarding relocation of a minor child. Section 452.377.11. There is no dispute that the statutory relocation language[3] was not included in the modification judgment and the issue was preserved for our review by being raised in Mother's motion for new trial. In light of the mandatory nature of section 452.377.11, the trial court erred by failing to include the required language and the case must be remanded so that it can be added to the judgment. *See In re Marriage of Hoff*, 134 S.W.3d 116, 117 (Mo.App. S.D.2004) (finding that it was error for a custody decree to contain an express exemption from the language required by section 452.377.11). Point III is granted.

*Points IV and V: Evidence and Findings as to Best Interests*

Mother's fourth and fifth points challenge the same set of written findings made by the trial court. We start by noting that section 452.375.2, RSMo Cum. Supp.2006, in pertinent part, states:

The court shall determine custody in accordance with the best interests of the

**3.** The required language is:

Absent exigent circumstances as determined by a court with jurisdiction, you, as a party to this action, are ordered to notify, in writing by certified mail, return receipt requested, and at least sixty days prior to the proposed relocation, each party to this action of any proposed relocation of the principal residence of the child, including the following information: (1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city; (2) The home telephone number of the new residence, if known; (3) The date of the intended move or proposed relocation; (4) A brief statement of the specific reasons for the proposed relocation of the child; and (5) A proposal for a revised schedule of custody or visitation with the child.

Your obligation to provide this information to each party continues as long as you or any other party by virtue of this order is entitled to custody of a child covered by this order. Your failure to obey the order of this court regarding the proposed relocation may result in further litigation to enforce such order, including contempt of court. In addition, your failure to notify a party of a relocation of the child may be considered in a proceeding to modify custody or visitation with the child. Reasonable costs and attorney fees may be assessed against you if you fail to give the required notice.

child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and any other child or children for whom the parent has custodial or visitation rights, and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.

The trial court's modification judgment contained the following specific written findings:

4. That [Mother] has relocated both herself and the minor child of the parties multiple times since the date of the final decree (resulting in both she and the minor child residing in the States of Florida (in Osceola and Polk Counties) and most recently in the State of Missouri).

5. That [Mother] failed in each instance in which she relocated herself and the minor child to provide the [Father] with advance notice of any such move and failed to also provide him with timely notification of her new address and phone numbers upon arrival in her new homes.

6. That the result has been a denial of visitation to [Father].

7. That [Mother] has also, based on the evidence adduced, abused prescription medications; undergone no treatment for the abuse; and neglected the child of the parties by failing to provide her with appropriate parenting attention and support.

8. That the child of the parties while in the care of [Mother] has not, due to the fault of [Mother], attended school on a regular basis; has posted very bad grades in several subjects; and is at least one year behind where she should be in school had [Mother] performed her parental duties and obligations appropriately.

Mother's fourth point alleges the judgment is legally defective in that the court was required to issue written findings showing that the modification judgment was in the best interests of the minor child. Mother further alleges that the trial court is required to make written findings on every factor listed in section 452.375.2.

The trial court is required to discuss the factors that are relevant to the

case before it, but is not required to discuss factors that are not relevant. *Rosito v. Rosito,* 268 S.W.3d 410, 416 (Mo.App. W.D.2008). The required findings must be made in a manner sufficient to allow for meaningful appellate review. *Strobel v. Strobel,* 219 S.W.3d 295, 299 (Mo.App. W.D.2007).

This case is similar to *Erickson v. Blackburn,* 169 S.W.3d 69 (Mo.App. S.D. 2005). The Appellant in *Erickson* alleged the trial court erred by failing to make specific findings on all factors listed in section 452.375. *Id.* at 74. In denying that contention, the court noted that written findings were only required on the relevant factors and observed:

> The court made findings on the following facts. It concluded that the child has bonded with her half-brother and "with children her own age" (Factor # 3). Appellant is the party who chooses not to communicate with Respondent regarding matters involving the child, which creates a negative impact on the child and "directly impairs the ability of the child to enjoy a nurturing, loving relationship with both parents" (Factor # 4). Devin has improved in school and has adjusted well to life with Respondent and his wife, who have provided her with a suitable home (Factor # 5). Respondent has provided Devin with adequate medical and dental care, while Appellant has engaged in conduct that is harmful to the child, including repeatedly trying to get the child to express an opinion regarding with whom she would like to live, causing the child additional stress (Factor # 6). And finally, although it is possible that Respondent could be deployed to Afghanistan, such

is not certain, and it would be speculative to assume that his deployment is imminent (Factor # 7).

*Id.* at 75. The court concluded that the trial court's judgment, although it did "not track the order or verbiage of the factors listed in the statute," nonetheless complied with section 452.375. *Id.*

▬ In the instant case, the trial court's findings indicate that it found factors 2, 4, 5, 6, and 7 to be relevant. Paragraph 4 bears on factor 7 in that it notes Mother had already moved several times and infers therefrom that she is the parent who would be more likely to relocate the child in the future. Paragraphs 5 and 6 also address factor 4 in relating that Appellant has, at least at times, denied Father meaningful contact with the child. Paragraph 7 bears on factors 6 and 2 because it relates to Appellant's health and ability to care for the child's needs. Paragraph 8 addresses factor 5 in its determination that the child was not well adjusted to her school.

In this case, not all eight enumerated factors are relevant. Factor 1 is not relevant because both parties requested sole custody. Factor 3 is not relevant because the child has no siblings and there is no indication in the record that there was another person who might significantly affect the child's best interests. Factor 8 is not relevant because the child did not express her wishes about her desired custodian. The trial court made specific written finding regarding each of the factors relevant to the best interests of this child. Point IV is denied.

Mother's fifth point impermissibly combines two separate claims of error:[4] first, that the evidence did not prove that that

---

4. Although a multifarious point violates Rule 84.04(d) and preserves nothing for review, *Hueckel v. Wondel,* 270 S.W.3d 450, 453 (Mo. App. S.D.2008), we choose not to deny the point on that basis because the issue concerns

the welfare of a child and we believe that the argument section sufficiently clarifies her complaint so that we may address the issues raised on their merits. *Id.*

there was any change in the parties' circumstances since the date of the previous custody decree; and second, that the trial court's findings regarding the child's best interests were not supported by the evidence adduced. The first portion of Mother's claim here is identical to the error alleged in Point I and is denied for the same reason.

■ As to the remaining portion of Point V, we view the evidence in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Ratteree v. Will,* 258 S.W.3d 864, 868 (Mo. App. E.D.2008). "Credibility of the witnesses and the weight to be given to their testimony is a matter for the trial court, which is free to believe none, part, or all of their testimony." *Brotherton v. Lowe,* 819 S.W.2d 74, 77 (Mo.App. S.D.1991).

As previously indicated, the court's paragraph 4 findings were admitted in Mother's answer. Paragraph 5 is supported by Father's testimony that "[t]here would be periods of time when they were in Florida where I didn't know what address they lived at, did not have a telephone number to contact them or to contact my daughter." Paragraph 6 was supported by Father's testimony that after Mother moved from Tennessee he could only see his daughter "during the summer and on Christmas" and "lost every other weekend and every other holiday."

Paragraph 7 was supported by Mother's testimony that she had "problems" with prescription medication and had never enrolled in a treatment program. Mother also testified that at times she was unable, because she lacked money, to provide her daughter with her required medications. Glenna Irvin, Mother's roommate in February of 2006, testified that she was the child's primary care-giver two-thirds of the time while she and Mother lived together.

Ms. Irvin also testified that Mother was not setting boundaries and "at times" let the child do what she wanted. Paragraph 8 was based on Mother's testimony that the child did not do well in school when they lived in Florida and her description of her child's grades in Missouri as "mediocre." Mother also testified that the child was a grade behind where she should have been based on her age. The balance of Point V is denied.

*Point VI: Failure to Include Holiday Contact Schedule*

Mother's sixth point alleges the trial court erred in entering a modification judgment that failed to provide Mother with a contact schedule that covered major holidays, school holidays and special occasions as required by section 452.310.7(1)(a).

Section 452.375.9 requires that "[a]ny judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310." Section 452.310.7(1) requires "[a] specific written schedule detailing the custody, visitation and residential time for each child with each party including: (a) Major holidays stating which holidays a party has each year; (b) School holidays for school-age children; (c) The child's birthday, Mother's Day and Father's Day . . . ." The parenting plan incorporated into the modification judgment does not include a specific written schedule for the days mentioned above.

■ "A trial court is not free to disregard the events enumerated in section 452.310.7." *D.M.K. v. Mueller,* 152 S.W.3d 922, 930 (Mo.App. S.D.2005); *See also Davis v. Schmidt,* 210 S.W.3d 494, 508–09 (Mo.App. W.D.2007) (remanding a custody plan because it did not comply with sections 452.375.9 and 452.310.7). A parenting plan that complies with section

452.310.7 is required to "prevent courts from being clogged with minor custody and visitation disputes." *Davidson v. Fisher,* 96 S.W.3d 160, 166 (Mo.App. W.D. 2003). Although each of these days must be specifically addressed, how and with whom such contact occurs is left to the court's discretion "and shall be in the best interest of the child." Section 452.375.9. Point VI is granted.

*Point VII: Failure to Include Form 14 Calculation*

■■■ Mother's seventh point alleges the trial court "erred in the calculation of presumed child support for the minor child in that the record does not indicate that the trial court calculated the child support in accordance with Supreme Court Rule 88.01 or section 452.340.8." Section 452.340 lists factors to be considered by the trial court in determining how to allocate child support between the parties, and subsection 8 thereof required our Supreme Court to establish a rule setting out specific guidelines about how to calculate the presumed amount. Section 452.340.8.

Here, the modification judgment simply states "the presumed amount of child support in this case is one hundred eighty four dollars ($184.00) per month." Missing from the record, however, is any indication that a form 14 calculation was used to determine that amount.

In *Neal v. Neal,* 941 S.W.2d 501 (Mo. banc 1997), the trial court's judgment stated that Form 14 was not applicable. *Id.* at 504. In reviewing that judgment, our Su-

preme Court stated that "[f]or meaningful appellate review, the trial court is required to determine and find for the record the presumed correct child support pursuant to Rule 88.01, utilizing Civil Procedure Form No. 14." *Id.* The Court remanded the case and directed the trial court to follow the two-step procedure announced in *Woolridge v. Woolridge,* 915 S.W.2d 372 (Mo.App. W.D.1996).[5] Because the record does not indicate that the trial court performed a Form 14 calculation in determining the presumed amount of child support, Point VII is granted.

The trial court's judgment is reversed in regard to child support and the parenting plan. The trial court is hereby directed to enter an amended modification judgment consistent with this opinion that: 1) contains the required child relocation language; 2) incorporates a parenting plan that includes a contact schedule that covers major holidays, school holidays, and special occasions; and 3) sets the appropriate amount of child support after following the two-step process set forth in *Woolridge, supra.* The court may, in its discretion, take any additional evidence it believes necessary to accomplish these tasks. In all other respects, the judgment is affirmed.

LYNCH, C.J., and PARRISH, J., Concur.

---

**5.** In step one, the trial court is required to determine and find for the record the presumed correct child support amount pursuant to a correct Form 14 calculation. Step one is a mathematical calculation the mandatory use of which insures that the child support guidelines will be considered in every case as mandated in § 452.340.7 and Rule 88.01. In step two, the trial court is required to consider whether to rebut the presumed correct child support amount, as found by the court, as being unjust or inappropriate after consideration of all relevant factors. § 452.340.8; Rule 88.01. Step two permits the trial court to exercise its broad and sound discretion in the final determination of child support awards. *Woolridge,* 915 S.W.2d at 379.