GARY W. LYNCH, J.
*397 Jack Frederick Olson ("Father") appeals the trial court's judgment modifying the parenting time and support provisions of a judgment of dissolution from Christine B. Olson ("Mother"), raising three points of alleged trial court error. In his first point, Father alleges the trial court abused its discretion in entering a parenting plan that Father contends is not in the children's best interests. In his second and third points, Father claims the trial court misapplied the law in failing to (1) specifically provide in its parenting plan for parenting time on certain holidays (Point Two), and (2) indicate either how it calculated Father's child support obligation or include its own Form 14 in the judgment (Point Three). Father's second and third points have merit. We reverse the judgment in part, do not reach the merits of Father's first point, and remand the case to the trial court with directions to prepare a parenting plan in compliance with section 452.310.8 and to make an adequate record supporting the calculation of Father's child support obligation in compliance with Rule 88.01.[1] In all other respects, we affirm.
Factual and Procedural Background
The parties were married in Wisconsin in November 1996, had three children, and subsequently moved to Newton County, Missouri, in June 2010. Their marriage was dissolved in Newton County in October 2011, whereupon the trial court awarded joint legal and joint physical custody of the children to the parties with Mother's address designated as the children's for educational and mailing purposes. Father chose to return to Wisconsin to live and work in February 2012, while Mother and the minor children continued to live in Neosho.
In August 2015, Father moved to modify his parenting time and child support, alleging substantial and continuing changes in circumstances due to his relocation to Wisconsin and the ages of the parties' children. At that time, the parties' minor children, N.O. and twins M.O. and J.O., were ages 10 and 8, respectively. Mother filed a counter-motion to modify, alleging continuing and substantial changes in circumstances, including an increase in the children's financial needs, the cost of living, and Father's income, as well as the unfeasibility of the joint custody plan after Father's relocation.
A trial on the parties' motions was held in October 2016. The trial court entered its judgment of modification on July 24, 2017. Therein, the trial court found "there has been no change of circumstance in the condition of the minor children and [Mother] since the" original judgment was entered; however, "the best interests of the children will be served by the Court making modifications to [Father's] periods of visitation and custody." The parties' joint legal and joint physical custody of the children was not modified, nor was the designation of Mother's residence as that of the children's for educational and mailing purposes. The judgment contained a new parenting plan for the parties. The judgment modified Father's child support and ordered that Father pay $814.00 per month, stating, "This calculation is in conformity *398 with Rule 88 and Form 14 guidelines." Each party was held responsible for their own attorney fees and costs.
On July 31, 2017, Father timely filed a post-trial motion requesting that the trial court amend its judgment "to allow [Father] reasonable parenting time, delineate parenting time on all legally-required holidays, order him to provide the children's health insurance, adjust child support accordingly, and show how the Court calculated its child support amount." Father contended that the trial court's parenting plan in its modification judgment was an abuse of discretion and not in the best interest of the children, in that it required "short long-distance visitation, long-distance visitation at peak periods paid for entirely by him, a profusion of long-distance travel for him and the children each year, and prohibit[ed] him from ever seeing his children on Christmas or spending Thanksgiving with him at his home." Father alleged that those arrangements "make[ ] it extraordinarily arduous for the children to have parenting time with [Father]" because he "must drive 20 hours to see his children for 48 hours, the children must be shuttled 650 miles eight-to-twelve times each summer alone, and they will never see their father on Christmas again." (Italics in original).
Father also complained about the absence of any "provision for any schoolyear three-day weekend holidays (Martin Luther King Day, Presidents' Day, Memorial Day, Labor Day)[,]" as provided under sections 452.375.9 and 452.310.8(a) and (b), and the supreme court's parenting plan guidelines. Father alleged that this omission "is reversible error by itself."
Finally, Father contended the modification judgment should be amended because the trial court failed to state how it calculated Father's child support obligation and did not include its own Form 14 in its modification judgment, as provided in section 452.340, Rule 88, and the Form 14 guidelines. Father alleged this omission was reversible error, in that it does not allow for meaningful appellate review.
Father's motion to amend the judgment was automatically overruled ninety days after it was filed by operation of Rule 78.06. Father timely appeals. Because Father's second and third points are dispositive, we begin our review with those claims.
Standard of Review
"Our standard of review in a dissolution action is governed, as in any court-tried case, by the standard set forth in Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976)." Schollmeyer v. Schollmeyer , 393 S.W.3d 120, 122 (Mo. App. 2013). "We will affirm the decree of dissolution unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." Barth v. Barth , 372 S.W.3d 496, 503 (Mo. App. 2012).
Discussion
Point 2 - Parenting Plan Does Not Address Certain Holidays
In his second point, Father claims:
The trial court misapplied the law in entering its parenting plan because §§ 452.375.9 and 452.310.8(a) and (b), R.S.Mo., as well as the Supreme Court's Parenting Plan Guidelines, require all parenting plans to delineate the custody, visitation, and residential time for each child with each party specifically on Martin Luther King Day, Presidents' Day, Memorial Day, and Labor Day in that the trial court's visitation schedule *399 is devoid of any mention of these holidays.
We agree.
Section 452.375.9 provides that "[a]ny judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 8 of section 452.310." Section 452.310.8 provides that a parenting plan "shall include but not be limited to: (1) A specific written schedule detailing the custody, visitation and residential time for each child with each party including: (a) Major holidays stating which holidays a party has each year; [and] (b) School holidays for school-age children[.]" The Missouri Supreme Court's Parenting Plan Guidelines "specifically include a schedule for, inter alia , Martin Luther King Day, Presidents' Day, Memorial Day and Labor Day." In re Marriage of Murphey , 207 S.W.3d 679, 686 (Mo. App. 2006). The trial court may not disregard any of the enumerated events in section 452.310.8. Wennihan v. Wennihan , 452 S.W.3d 723, 737 (Mo. App. 2015) ; In re Marriage of Alred , 291 S.W.3d 328, 335 (Mo. App. 2009).
Here, Father is correct that the trial court failed to designate custody, visitation, and residential time for the children on Martin Luther King Day, Presidents' Day, Memorial Day, and Labor Day. The failure to account for these holidays in the parenting plan constitutes reversible error. See, e.g. , Wennihan v. Wennihan , 452 S.W.3d 723, 737 (Mo. App. 2015) (reversal required because parenting plan failed to address Presidents' Day and Martin Luther King Jr. Day); Murphey , 207 S.W.3d 679, 686 (same holding as Wennihan with the addition of Memorial Day and Labor Day as holidays also omitted from parenting plan). Accordingly, point 2 is granted.
On remand, the trial court is instructed to enter a new parenting plan in accordance with our directions, as provided infra. Because the parenting plan will change on remand, Father's first point-claiming that the trial court's overall parenting plan was not in the children's best interests-is moot and need not be addressed.
Point 3 - Inadequate Record of Trial Court's Form 14 Calculation
Father claims in his third point:
The trial court misapplied the law in awarding Mother child support of $814.00 per month because under § 452.340, R.S.Mo., and Rule 88.01, when a trial court awards an amount of child support that neither party requested, it must attach its own Form 14 or otherwise lay out in its judgment exactly how it calculated that amount in that neither Father's nor Mother's Form 14 calculated child support at $814 per month, but the trial court's judgment does not state exactly how [sic] calculated this amount, nor did the court attach its own Form 14 to the judgment.
Again, we agree.
When awarding child support, the trial court must follow a two-step procedure, in compliance with section 452.340 and Rule 88.01.[2] Fessler v. McGovern , 524 S.W.3d 208, 216 (Mo. App. 2017). "First, the trial court must determine the presumed child support amount under Form 14." Id. "In doing so, the trial court may either accept one of the Form 14 calculations provided by the parties or prepare its own Form 14." Id. "Second, the trial court *400 must, after considering all relevant factors, determine whether to rebut the presumed child support amount as unjust or inappropriate." Id. "If the court rejects the presumed amount as unjust and inappropriate, it then uses its discretion to determine the proper amount." Richardson v. Richardson , 545 S.W.3d 895, 897 (Mo. App. 2018).
In Woolridge v. Woolridge , our western district observed that "it is implicit in [Rule 88.01] that the trial court articulate for the record how it calculated its Form 14 amount." 915 S.W.2d 372, 381 (Mo. App. 1996). This is because
if the trial court was allowed to merely state the amount of its Form 14 calculation without making a record as to how it was calculated, appellate review as to whether the guidelines were followed by doing a correct Form 14 calculation would be next to impossible, effectively destroying the mandate of § 452.340.7 and Rule 88.01 that the guidelines be followed in every case.[3]
Id. Therefore, to achieve a record that permits appellate review,
"[t]he trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and making it a part of the record, ... or by articulating on the record how it calculated its Form 14 amount." But "[t]he lack of specific findings as to how the trial court calculated its Form 14 amount will not automatically trigger a reversal on appeal on that issue, provided the record clearly indicates how the trial court arrived at its Form 14 amount."
Luckeroth v. Weng , 53 S.W.3d 603 (Mo. App. 2001) (quoting Woolridge , 915 S.W.2d at 382 ) (internal citations omitted).
In this case, both parties filed proposed Form 14 worksheets. Mother calculated the presumed child support amount to be paid by Father at $1,037. Father prepared two Form 14s, in which he calculated his presumed child support amount as either $246 or $162.
The trial court rejected all of the parties' proposed Form 14s. Instead, it ordered that Father pay $814 in child support, stating only in its judgment that "[t]his calculation is in conformity with Rule 88 and Form 14 guidelines." It did not place its own Form 14 worksheet in the record, and it did not clearly indicate on the record how it derived its Form 14 amount. The trial court's failure to make an adequate record supporting its Form 14 calculation renders meaningful appellate review impossible and is reversible error. See, e.g. , Neal v. Neal , 941 S.W.2d 501, 504 (Mo. banc 1997) ; Alred , 291 S.W.3d at 336 ; Luckeroth , 53 S.W.3d at 607 (Mo. App. 2001) ; Woolridge , 915 S.W.2d at 381. Accordingly, point 3 is granted.
Decision
We reverse the judgment as to the parenting plan therein and remand to the trial court with directions to enter a parenting plan that accounts for all holidays as required by section 452.310.8. See Wennihan , 452 S.W.3d at 737. "Although each of these days must be specifically addressed, how and with whom such contact occurs is left to the court's discretion and 'shall be in the best interest of the child[ren].' " Alred , 291 S.W.3d at 336 (quoting section 452.375.9). In the event the trial court concludes that other adjustments in the parenting plan previously entered are required in order to meet all requirements of section 452.310.8, the trial court may, in its *401 discretion, make such changes it deems necessary and appropriate.
We also reverse the child support provisions in the judgment and direct the trial court to make an appropriate record of its findings supporting a Form 14 calculation of child support under Rule 88.01. "On remand, the trial court should follow the detailed prescriptions contained within Woolridge first to determine and find for the record the presumed correct child support amount and, then, to make a proper record with respect to why the presumed correct child support amount should be rebutted, if the trial court so determines." Neal , 941 S.W.2d at 504.
In all other respects, the trial court's judgment is affirmed.
DON E. BURRELL, JR., P.J. - concurs
NANCY STEFFEN RAHMEYER, C.J. - concurs

All statutory references are to RSMo 2016. All rule references are to Missouri Court Rules (2018).

Rule 88.01 was promulgated pursuant to the mandate in section 452.340.8 that "[t]he Missouri [S]upreme [C]ourt shall have in effect a rule establishing guidelines by which any award of child support shall be made in any judicial or administrative proceeding."

In 1998, following the Woolridge decision, section 452.340.7 was renumbered to section 452.340.8.