

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| MIKALA E. HARRIS, | ) | No. ED110533 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Marion County |
| vs. | ) | 20MR-CV00994 |
| | ) | |
| DAVID W. HARRIS, JR., | ) | Honorable Rachel L. Bringer Shepherd |
| | ) | |
| Appellant. | ) | FILED:  April 4, 2023 |

## Introduction

David W. Harris, Jr. (Father) appeals from the judgment of the circuit court dissolving his marriage to Mikala E. Harris (Mother) and awarding custody of their two minor children.  We affirm in part and reverse in part because the circuit court failed to include all statutorily required findings and custodial arrangements pursuant to section 452.375.[1]

## Factual and Procedural Background

This appeal arises from the dissolution of Father and Mother's marriage and the custody award regarding their two minor children. Mother filed for dissolution of marriage in 2020 and sought sole legal and physical custody of the children. Father filed a counter-petition for dissolution of marriage and sought joint legal and physical custody of the children. As required,

---

[1] All references to section 452.375 are to the Revised Statutes of Missouri (Cum. Supp. 2019) and all references to section 452.310 are to the Revised Statutes of Missouri (2016).  See T.J.E. v. M.R.M., 592 S.W.3d 399, 401 n.2 (Mo. App. E.D. 2020) (citing Walsh v. Walsh, 184 S.W.3d 156, 157 (Mo. App. E.D. 2006)).  Case law relied upon in this opinion discusses substantially similar versions of these statutes.

both parties submitted proposed parenting plans. A bench trial was held in 2021, at which the parties and the Guardian Ad Litem (GAL) were present. The GAL recommended that Mother be awarded sole physical and legal custody and Father be granted supervised visitation, as had been occurring prior to trial.

On December 22, 2021, the circuit court issued its judgment and decree of dissolution (the December 22 Judgment). The December 22 Judgment awarded Mother and Father joint legal custody and awarded Mother sole physical custody, with Father having supervised visitation rights every Tuesday and Thursday evenings and every other Saturday. Father was directed to pay $475 per month in child support. The circuit court rejected the parties' proposed parenting plans and adopted its own parenting plan (the Parenting Plan), which was attached to the December 22 Judgment.

Father filed a motion for new trial and/or to amend the judgment, which argued *inter alia* that the December 22 Judgment and Parenting Plan failed to include all required findings and custodial arrangements pursuant to sections 452.375 and 452.310. On April 21, 2022, the circuit court filed an amendment to the December 22 Judgment by interlineation to include written findings on the best-interest factors provided in section 452.375.2. Father subsequently filed another motion for new trial and/or to amend the judgment, which argued *inter alia* that, even with the April 21 Amendment, the circuit court's judgment failed to include all required findings and custodial arrangements. The circuit court heard argument on this motion but took no other action and the motion was deemed overruled after ninety days by operation of Rule 78.06.[2]

This appeal follows.[3]

---

[2] All rule references are to the Missouri Supreme Court Rules (2021).
[3] Consistent with his arguments before this Court, Father filed a notice of appeal from both the December 22 Judgment and the April 21 Amendment.

<u>Standard of review</u>

As with other court-tried cases, we review the circuit court's judgment under the standard articulated in <u>Murphy v. Carron</u>, 536 S.W.2d 30, 32 (Mo. banc 1976). <u>See</u> <u>T.J.E. v. M.R.M.</u>, 592 S.W.3d 399, 402 (Mo. App. E.D. 2020) (citing <u>T.S.I. v. A.L.(C.)B.</u>, 521 S.W.3d 317, 320 (Mo. App. E.D. 2017)). Under this standard, we will affirm the circuit court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." <u>Id.</u> (citing <u>T.S.I.</u>, 521 S.W.3d at 320); <u>see also</u> <u>Murphy</u>, 536 S.W.2d at 32.

<u>Discussion</u>

In five points on appeal, Father challenges the circuit court's award of custody regarding the two minor children.[4] In his first two points, Father disputes the finality of the judgment. In his remaining three points, Father contests the sufficiency and merit of the circuit court's findings with respect to the custodial arrangement. We find merit in Father's fourth point on appeal regarding the sufficiency of the findings, and therefore we reverse and remand.

<u>Finality of Judgment (Points I and II)</u>

In his first two points on appeal, Father challenges the finality of the judgment(s) at issue. Although our disposition of Point IV resolves this appeal, <u>see</u> *infra*, we address Points I and II because they implicate our authority and determine the scope of our review. As explained below, neither of Father's points are meritorious.

In the present case, the circuit court issued its judgment of dissolution, custody award, and accompanying parenting plan on December 22, 2021 (the December 22 Judgment). Thirty days later, Father filed a motion for new trial and/or to amend the judgment. On April 21, 2022,

---

[4] Mother did not file a responsive brief in this appeal.

3

the circuit court filed an amendment to its prior judgment (the April 21 Amendment). This amendment amended the December 22 Judgment by interlineation (collectively, the Amended Judgment).

Father claims the circuit court failed to rule on his motion to amend within 90 days after the motion was filed, thereby rendering the April 21 Amendment "null and void." When an authorized after-trial motion is filed, a circuit court retains limited control over a judgment for up to 90 days to amend this judgment based on the grounds articulated in the motion. See Heifetz v. Apex Clayton, Inc., 554 S.W.3d 389, 393 (Mo. banc 2018) (citing Massman Constr. Co. v. Mo. Highway & Transp. Comm'n, 914 S.W.2d 801, 802–03 (Mo. banc 1996)); see also Rule 81.05(a).[5] Father's argument hinges on the fact that his attorney did not receive electronic notification of the filing of the April 21 Amendment until April 27, 2022, which was more than 90 days from the date the December 22 Judgment was entered. Father's argument is unpersuasive. The date on the amendment, the file stamp on the amendment, the entry on the docket sheet, and even the electronic notification to counsel show the April 21 Amendment was entered by the circuit court on April 21, 2022. Father has presented us with no authority supporting his argument that we should disregard this evidence and deem a document entered on the date counsel receives electronic notification thereof, rather than on the date it was truly entered. Cf. Rule 74.01(a) ("A judgment is rendered when entered."). Because the April 21

---

[5] Rule 81.05 outlines the finality of a judgment for purposes of filing a notice of appeal. In relevant part, this Rule provides:
    (1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.
    (2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:
        (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
        (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.
Rule 81.05(a).

Amendment was entered exactly 90 days after Father filed his motion to amend and was in response to grounds raised in Father's motion, such amendment was authorized. See Heifetz, 554 S.W.3d at 393–94; Rule 78.07(d).

Father next argues that, even if the April 21 Amendment was proper, the resulting Amended Judgment is not a final judgment for purposes of appeal. We disagree. The April 21 Amendment expressly stated that it amended the December 22 Judgment "by inserting the following language," which covered findings on each best-interest factor found in section 452.375.2. It is clear the court intended to create an Amended Judgment by integrating the additional findings from the April 21 Amendment with the findings and conclusions as contained in the December 22 Judgment. See Matter of Joseph H. Keeven Revocable Trust Dated December 13, 2006, 541 S.W.3d 732, 737–39 (Mo. App. E.D. 2018) (discussing amended judgment "by interlineation"); Exec. Bd. of the Mo. Baptist Convention v. Mo. Baptist Found., 497 S.W.3d 785, 795 (Mo. App. W.D. 2016). This Amended Judgment constituted the circuit court's final ruling on all issues in this matter, and is a final judgment for purposes of appeal. See id.

Points I and II are denied.[6]

Sufficiency of Amended Judgment's Findings and Parenting Plan (Point IV)

In his fourth point on appeal, Father contends the Amended Judgment does not contain the detailed written findings required by section 452.375 as it relates to the custody award. Specifically, Father argues that the Amended Judgment failed to include sufficient findings as required by section 452.375.6 and that the Parenting Plan omitted necessary components

---

[6] Given this conclusion, Father's argument in his third point on appeal challenging the sufficiency of the findings contained solely in the December 22 Judgment must fail because it is predicated on the success of his claims of error in Points I and II. See Fortner v. Fortner, 166 S.W.3d 615, 620–21 (Mo. App. W.D. 2005).

required by sections 452.375.9 and 452.310.8.  A failure to enter statutorily required findings is a misapplication of law.  See T.J.E., 592 S.W.3d at 402.  We conclude the circuit court erred in failing to make the required written findings in compliance with sections 452.375.6 and 452.375.9, as explained below.

*Findings regarding custody as required by section 452.375.6*

Section 452.375.6 provides, in relevant part:

> If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4[7] of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2[8] of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

Section 452.375.6.  Specific written findings are therefore required to be included in the judgment where: "(1) the parties have not reached an agreement on all issues related to custody,

---

[7] Section 452.375.4 declares, in relevant part, "that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child.…"

[8] Section 452.375.2 lists the following factors as relevant to determining a custodial arrangement in accordance with the best interests of the child:
> (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;
> (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;
> (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;
> (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;
> (5) The child's adjustment to the child's home, school, and community;
> (6) The mental and physical health of all individuals, including any history of abuse of any individuals involved...;
> (7) The intention of either parent to relocate the principal residence of the child; and
> (8) The wishes of the child as to the child's custodian….

Section 452.375.2(1)-(8).

including a sub-issue of custody such as the parenting-time allocation; or (2) the court rejects a proposed custodial arrangement." T.J.E., 592 S.W.3d at 403 (citing supporting cases).

In this case, section 452.375.6's requirement to issue specific written findings was triggered because Father and Mother did not agree on all custody-related issues and because the circuit court rejected Father's proposed custodial arrangement and adopted its own Parenting Plan. See id. at 404.

Once section 452.375.6 is triggered, the court must make the necessary written findings and the failure to do so constitutes error requiring remand. Id. at 403–04; Abernathy v. Collins, 524 S.W.3d 173, 180 (Mo. App. W.D. 2017) (collecting cases). Although this "mandate for written findings is clear[,] what degree of specificity is required by a trial court in its written findings is not as clear." Alberswerth v. Alberswerth, 184 S.W.3d 81, 90 (Mo. App. W.D. 2006). "There is no prescribed format or magic formulation that the circuit court must include in its judgment in order to comply with the statutory requirements found in section 452.375.6; instead, it is only necessary that the circuit court's judgment 'allow for meaningful appellate review.'" Prevost v. Silmon, 645 S.W.3d 503, 515 (Mo. App. W.D. 2022) (quoting T.J.E., 592 S.W.3d at 403).

In the present case, we conclude the findings in the Amended Judgment are sufficient for some, but not all, of the three distinct categories of written findings required under 452.375.6 given the circumstances of this case: (1) findings detailing the relevant best-interest factors; (2) findings based in the public policy providing for frequent, continuing, and meaningful contact with both parents; and (3) findings detailing the specific relevant factors resulting in the rejection of Father's proposed custodial arrangement.

First, we conclude the written findings on the best-interest factors found in section 452.375.2(1)-(8) are sufficient to meet the requirement of "detailing the specific relevant factors that made a particular arrangement in the best interest of the child(ren)." See section 452.375.6. The Amended Judgment states the Parenting Plan "is found to be in the best interests of the children" and includes the following findings as to the best-interest factors. Each finding in the Amended Judgment relates directly to a best-interest factor found in the statute,[9] and we have noted the related sub-section in italics for clarity:

a. The wishes of the children's parents as to custody *(section 452.375.2(1))*: The Court finds that both parents have requested custody of the children;

b. The needs of the child for a frequent, continuing and meaningful relationship with both parents *(public policy of section 452.375.4)* and willingness of parents to actively perform their functions as parents for the needs of the children *(section 452.375.2(2))* — The Court finds that Mother has the ability to perform her functions as a parent for the child. However, the Court finds that Father has given the children a computer with sexual pictures on it; had a turbulent relationship with his current girlfriend that resulted in allegations of domestic violence; and had an unsecured loaded firearm in his residence. In addition, Father has an unstable home plan, and the Court did not find Father's testimony to be credible about the children's relationship with his current girlfriend or his assurances of their safety at his home. The Court concurs with the recommendation of the Guardian Ad Litem that supervised visitation is necessary to protect the physical health and emotional well-being of the children.

c. The interaction and interrelationship of the children with parents, siblings, and any other person who may significantly affect the children's best interests *(section 452.375.2(3))* — The Court considered this testimony and considered the testimony that one of the children ran away from Father's residence to return to her mother. The Court also considered the testimony of domestic violence and use of intoxicating substances in Father's home and believes those issues affect the safety of the children;

d. Which parent is more likely to allow the children frequent, continuing, and meaningful contact with the other parent *(section 452.375.2(4))* — The Court finds that both parents are capable of allowing frequent contact with the other parent.

---

[9] Soehlke v. Soehlke, 398 S.W.3d 10, 20 (Mo. banc 2013) ("All of the factors listed in section 452.375 (and others) are relevant to custody decisions generally, but every factor may not be relevant to resolving every individual motion. … Accordingly, the statutory factors serve only to frame the debate regarding the child's best interest but do not purport to supplement or supplant that central requirement.").

e. The children's adjustment to the children's home, school, and community *(section 452.375.2(5))* — The Court finds that the children are not adjusted to Father's domestic situation.

f. The mental and physical health of all individuals involved, including any history of abuse of any individuals involved *(section 452.375.2(6))* — The Court heard testimony that one [of] the children had r[u]n away from Father's home to return to Mother's home. In addition, the Court heard testimony that Father had asked one of the children to lie to Mother about who was present in Father's home during the visitation.

g. The intention of either parent to relocate the principal residence of the children *(section 452.375.2(7))* — The Court heard no evidence regarding this factor. However, the Court heard testimony that Father had been evicted from his current residence but was living at the residence under the lease of his girlfriend.

h. The wishes of the child as to the child's custodian *(section 452.375.2(8))* — The Court heard no evidence regarding this factor.

The above findings include sufficient factual detail to permit appellate review of the reasons motivating the circuit court to conclude the custodial arrangement was in the children's best interests. See section 452.375.2(1)-(8). These findings are more than a mere "checklist" of the best-interest factors with "no other discussion," which would be insufficient under section 452.375.6, see Hall v. Hall, 336 S.W.3d 188, 193–94 (Mo. App. W.D. 2011) (summarizing cases); instead, these findings include discussion of the evidence the court deemed relevant to the custodial arrangement, see, e.g., Davidson v. Fisher, 96 S.W.3d 160, 163–64 (Mo. App. W.D. 2003); Erickson v. Blackburn, 169 S.W.3d 69, 75–76 (Mo. App. S.D. 2005). We conclude the circuit court's findings are sufficient to meet section 452.375.6's requirements of "detailing the specific relevant factors that made a particular arrangement in the best interest of the child(ren)." See Prevost, 645 S.W.3d at 509–11, 515–16; A.A.B. v. A.D.L., 572 S.W.3d 562, 568–69 (Mo. App. E.D. 2019); Strobel v. Strobel, 219 S.W.3d 295, 299–300 (Mo. App. W.D. 2007).

Second, we conclude the Amended Judgment shows the circuit court sufficiently considered the public policy of frequent, continuing, and meaningful contact with both parents. See section 452.375.4. In the above best-interest findings, the circuit court included a finding on

9

"[t]he needs of the child for a frequent, continuing and meaningful relationship with both parents," which detailed relevant facts that the circuit court relied on in balancing the court's and the GAL's concerns about unsupervised contact with Father with the need for the children to have a relationship with Father. This is sufficient to meet the requirement of section 452.375.6. Compare A.A.B., 572 S.W.3d at 568–69 (reference to and findings related to public policy in sub-section .4 sufficient where included within best-interest discussion) and Davidson, 96 S.W.3d at 163–64 (relevant findings included within discussion of best-interest factors sufficient to address public policy of section 452.375.4) with Tipton v. Joseph-Tipton, 173 S.W.3d 692, 694 (Mo. App. W.D. 2005) (merely quoting "Section 452.37[5].4's declaration of Missouri's public policy," without any findings of fact, found to be insufficient).

Third, we conclude the circuit court's findings were insufficient to "detail[] the specific relevant factors resulting in the rejection of" Father's proposed custodial arrangement. See section 452.375.6. Here, the Amended Judgment simply stated that "[t]he parenting plan attached to this judgment is found to be in the best interests of the children." It made no reference to the rejection of any proposed custodial arrangement. Under these circumstances, where the proper custodial arrangements were vigorously disputed and Father was ultimately granted limited supervised visitation, we conclude the absence of any reference to the rejection of Father's proposed custodial arrangement violated section 452.375.6.[10] See Hall, 336 S.W.3d at 194–95; Cunningham v. Cunningham, 143 S.W.3d 647, 650 (Mo. App. E.D. 2004). This

_____

[10] We recognize appellate courts have previously implied that sufficient findings on the relevant best-interest factors that support adoption of a specific custodial arrangement could satisfy section 452.375.6's requirement that the judgment detail the specific relevant factors resulting in the rejection of a proposed custodial arrangement. See, e.g., Prevost v. Silmon, 645 S.W.3d 503, 516 (Mo. App. W.D. 2022) (discerning from judgment the reasons for rejecting parenting plans submitted by parents). Under the circumstances in the present case, however, we are not convinced that we can imply the requisite findings supporting the rejection of Father's proposed custodial arrangements.

conclusion in no way implies the decision to reject Father's proposed parenting plan was not supported by the evidence; instead, we merely determine that, under the circumstances, specific reference to the rejection of Father's proposed arrangement was required by section 452.375.6. Given that we must remand to the circuit court for it to complete the Parenting Plan for the reasons discussed below, the circuit court will have the opportunity to supplement its findings under section 452.375.6.

In sum, under section 452.375, "the circuit court's judgment should include discussion of the relevant best-interest-of-the-child factors listed in section 452.375.2(1)-(8); the public policy of frequent, continuing, and meaningful contact of the parents found in section 452.375.4; and a specific written parenting plan under section 452.375.9," as well as a written finding "detailing the specific relevant factors resulting in the rejection of" a proposed custodial arrangement. See Prevost, 645 S.W.3d at 515 (citing Abernathy, 524 S.W.3d at 180–81); Hall, 336 S.W.3d at 194. We have concluded the findings in the Amended Judgment are sufficient to meet the circuit court's obligations in sub-sections .2 and .4 (as required by section 452.375.6), see Prevost, 645 S.W.3d at 509–11, 515–16, but are insufficient to meet the circuit court's obligation to include "a specific explanation of the trial court's reasons for rejecting the parties' parenting plans," see Hall, 336 S.W.3d at 194–95.

We now address whether the Parenting Plan attached to the Amended Judgment[11] was sufficient to meet the requirements of sub-section .9.

*Necessary custodial arrangements as required by sections 452.375.9 and 452.310.8*

Section 452.375.9 requires that "[a]ny judgment providing for custody shall include a specific written parenting plan," whether one submitted by the parties or determined by the court,

---

[11] The Parenting Plan was attached to the original December 22 Judgment and was not modified by the April 21 Amendment.

which must "set[] forth the terms of such parenting plan arrangements specified in subsection 8 of section 452.310." Section 452.375.9. Under this statute, the necessary parenting plan arrangements "shall include" but are not limited to:

(1) A specific written schedule detailing the custody, visitation and residential time for each child with each party including:
    (a) Major holidays stating which holidays a party has each year;
    (b) School holidays for school-age children;
    (c) The child's birthday, Mother's Day and Father's Day;
    (d) Weekday and weekend schedules and for school-age children how the winter, spring, summer and other vacations from school will be spent;
    (e) The times and places for transfer of the child between the parties in connection with the residential schedule;
    (f) A plan for sharing transportation duties associated with the residential schedule;
    (g) Appropriate times for telephone access;
    (h) Suggested procedures for notifying the other party when a party requests a temporary variation from the residential schedule;
    (i) Any suggested restrictions or limitations on access to a party and the reasons such restrictions are requested;
(2) A specific written plan regarding legal custody which details how the decision-making rights and responsibilities will be shared between the parties including the following:
    (a) Educational decisions and methods of communicating information from the school to both parties;
    (b) Medical, dental and health care decisions including how health care providers will be selected and a method of communicating medical conditions of the child and how emergency care will be handled;
    (c) Extracurricular activities, including a method for determining which activities the child will participate in when those activities involve time during which each party is the custodian;
    (d) Child care providers, including how such providers will be selected;
    (e) Communication procedures including access to telephone numbers as appropriate;
    (f) A dispute resolution procedure for those matters on which the parties disagree or in interpreting the parenting plan;
    (g) If a party suggests no shared decision-making, a statement of the reasons for such a request;
(3) How the expenses of the child, including child care, educational and extraordinary expenses as defined in the child support guidelines established by the supreme court, will be paid including:
    (a) The suggested amount of child support to be paid by each party;

(b) The party who will maintain or provide health insurance for the child and how the medical, dental, vision, psychological and other health care expenses of the child not paid by insurance will be paid by the parties;

(c) The payment of educational expenses, if any;

(d) The payment of extraordinary expenses of the child, if any;

(e) Child care expenses, if any;

(f) Transportation expenses, if any.

Section 452.310.8. The trial court is not free to disregard any of the enumerated components, and the failure to include all required arrangements is reversible error. Wennihan v. Wennihan, 452 S.W.3d 723, 737 (Mo. App. W.D. 2015) (citing supporting cases); see also Shields v. Epanty, 503 S.W.3d 227, 230 (Mo. App. W.D. 2016) ("A parenting [plan] is not fully compliant with Section 452.375.9 if it does not contain all of the required arrangements as set out in Section 452.310.8 RSMo.") (citing Simon-Harris v. Harris, 138 S.W.3d 170, 181 (Mo. App. W.D. 2004)).

In the present case, the circuit court rejected the parties' proposed parenting plans and adopted its own arrangement (the Parenting Plan). This Parenting Plan consisted of five pages detailing the arrangements for Mother and Father's joint legal custody and Mother's sole physical custody of the minor children. Despite providing some of the necessary arrangements of section 452.310.8, the Parenting Plan wholly omits numerous requirements including physical custodial arrangements for: the children's birthdays (see section 452.310.8(1)(c)); school holidays including Martin Luther King Jr. Day and Presidents' Day (see section 452.310.8(1)(b)); and the winter, spring, summer and other vacations from school (see section 452.310.8(1)(d)). The Parenting Plan also fails to include necessary legal custodial arrangements, including failing to "detail[] how the decision-making rights and responsibilities will be shared between the parties" as required by section 452.310.8(2)(a)-(c),(f). Further, the

13

Parenting Plan omits guidance on the provision of the children's relevant expenses as required by section 452.310.8(3)(b)-(f).

These omissions necessitate reversal and remand to the circuit court for it to adopt a parenting plan that conforms to the statutory requirements. See Wennihan, 452 S.W.3d at 737 (reversing and remanding for failure to account for Presidents' Day and Martin Luther King Jr. Day); Cunningham, 143 S.W.3d at 651–52 (reversing and remanding where parenting plan was silent on details of legal custodial decision-making responsibilities and payment of child-related expenses).

We have concluded *supra* that the findings included in the Amended Judgment are sufficient to meet some requirements of section 452.375.6 (namely those relating to sections 452.375.4 and 452.375.2), but not the requirement of including a specific explanation of the reasons for rejecting Father's proposed custodial arrangement. Moreover, the Parenting Plan is insufficient in that it fails to include all statutorily required arrangements pursuant to sections 452.375.9 and 452.310.8. As such, we must remand to the circuit court with instructions to modify this Parenting Plan in accordance with the statutory mandate and supplement its findings to comply with section 452.375.6. As the custodial arrangements and supporting findings are closely intertwined, we leave it to the circuit court to take whatever other action it deems appropriate on remand. See T.J.E., 592 S.W.3d at 405.

Point IV is granted in part.[12]

---

[12] In his final point on appeal, Father argues that the Amended Judgment is not supported by substantial evidence and is against the weight of the evidence. Because Point IV is dispositive, however, we do not reach this final point on appeal. See T.J.E., 592 S.W.3d at 402 n.4; Hall v. Hall, 336 S.W.3d 188, 197 (Mo. App. W.D. 2011); Olson v. Olson, 559 S.W.3d 395, 399 (Mo. App. S.D. 2018).

## Conclusion

For the foregoing reasons, we reverse the circuit court's custody determination and remand for further proceedings consistent with this opinion. We affirm the other aspects of the amended judgment. On remand, the circuit court shall make the findings and custodial arrangements as required by section 452.375.6, section 452.375.9, and section 452.310.8, and take any additional action it deems appropriate.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.


Angela T. Quigless, P.J., and
Robert M. Clayton III, J., concur.